**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 15, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30947
Summary Calendar

EARL A ROBINSON

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA, FEDERAL BUREAU OF INVESTIGATION,
LEON HUSS, DANIEL J WEHR, FRED P HARPER, JR, CITY OF MAMOU,
PHYLLIS SOILEAU, CHARLES R ISRAEL, TODD ORTIS, NICHOLAS SOILEAU,
ET AL

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:04-CV-2098
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Earl A. Robinson, Louisiana prisoner # 390863, appeals the
district court's dismissal of his 42 U.S.C. § 1983 suit as
frivolous and for failure to state a claim upon which relief may
be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).  Robinson has
filed two appellate briefs, the second of which includes a letter
asking that the court consider that brief on appeal.  We construe
this as a motion to substitute briefs, which is granted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Robinson argues that his complaint should not have been dismissed under Heck v. Humphrey, 512 U.S. 477 (1994). He has not shown, however, that a majority of his claims would not necessarily imply the invalidity of his conviction. Therefore, the district court did not err. See Heck, 512 U.S. at 486-87; Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994). The district court also properly determined that the numerous state prosecutors and the state court judge named as defendants were entitled to absolute immunity. See Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).

Robinson also argues that the district court erroneously dismissed certain private citizens because they were not state actors when these parties conspired with police to fabricate charges and evidence. In addition to calling into question the validity of his conviction, Robinson's conspiracy claim is conclusional, and the district court did not err. See Heck, 512 U.S. at 486-87; Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988).

Robinson contends that numerous federal and state entities failed to investigate his complaints that other defendants had violated his constitutional rights. The alleged failure to investigate complaints and to take action in response to them does not provide a basis for a civil rights suit. See Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990).

Robinson's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2. Robinson is cautioned that the dismissal of this appeal as frivolous, and the district court's dismissal of his complaint as frivolous and for failure to state a claim, count as strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). If he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

MOTION TO SUBSTITUTE BRIEFS GRANTED; APPEAL DISMISSED; SANCTION WARNING ISSUED.