

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-308-CV

MICHAEL LOU GARRETT                                                          APPELLANT

V.

E.C. WILLIAMS AND F.L. HAYNES                                                 APPELLEES

------------

### FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

## OPINION

------------

### Introduction

Appellant Michael Lou Garrett appeals the trial court's dismissal of his pro se petition for writ of mandamus. Appellant argues that the trial court erred and abused its discretion by dismissing his petition for writ of mandamus with prejudice in accordance with Texas Civil Practice and Remedies Code chapter 14. We affirm as modified.

**Background Facts**

On September 15, 2006, appellant, an inmate in the Allred Unit of the Texas Department of Criminal Justice, filed a petition for writ of mandamus in the 30th District Court of Wichita County and asked the trial court to order appellees, Warden E.C. Williams and law library supervisor F.L. Haynes, to (1) provide him with the identities of the mail room and law library staff, (2) return eight pages of his drafted lawsuit which he claims were stolen, and (3) stop obstructing his attempts to file a lawsuit against them by depriving him of supplies such as paper and legal materials. On that same day, appellant also filed a motion to proceed in forma pauperis, an affidavit of poverty, and a declaration of inability to pay costs.

On July 12, 2007, appellees filed a motion to dismiss under chapter 14 of the civil practice and remedies code on the grounds that (1) the trial court lacked subject matter jurisdiction and (2) appellant was not entitled to mandamus relief because appellees did not have a nondiscretionary, ministerial duty to provide him with the names and materials he requested.[1]

---

[1]In their brief, appellees list appellant's history of instigating extensive litigation in state and federal courts seeking mandamus relief for similar claims. They state that appellant has filed at least seventeen actions in state court over the past three years and twenty actions in federal court over the past six years. However, appellees did not request dismissal of appellant's petition on this ground, nor does the record show that they brought any of those suits to the

On August 15, 2007, the trial court signed an order granting the motion to dismiss with prejudice because the petition was "not in compliance with the requirements set forth in Texas Civil Practices and Remedies Code, Chapter 14." Appellant timely filed a notice of appeal.

**Chapter 14 of the Civil Practice and Remedies Code**

Inmate litigation (except suits brought under the family code) in which an inmate files an affidavit or unsworn declaration of inability to pay costs is governed by special procedural rules set out in chapter 14 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-14.014 (Vernon 2002); *Bishop v. Lawson,* 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); *Thomas v. Knight,* 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied), *cert denied,* 537 U.S. 890 (2002). The legislature enacted this statute to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefits. *Bishop,* 131 S.W.3d at 574; *Knight,* 52 S.W.3d 294. The purpose of chapter 14 is not to punish inmates for filing claims, but to aid the court in determining whether an

trial court's attention.

3

inmate's claim is frivolous. *Thomas v. Wichita Gen. Hosp.,* 952 S.W.2d 936, 941 (Tex. App.—Fort Worth 1997, pet. denied).

Section 14.004 requires an inmate who files an affidavit or unsworn declaration of inability to pay costs to file a separate affidavit "related to previous filings" in which the inmate must detail all previous suits filed pro se, other than a suit under the family code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a); *Amir-Sharif v. Mason,* No. 05-06-01089-CV, 2008 WL 171219, at *2 (Tex. App.—Dallas Jan. 22, 2008, no pet. h.). Additionally, section 14.004 requires the inmate to file a certified copy of the inmate's trust account statement that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c), 14.006(f); *Amir-Sharif,* 2008 WL 171219, at *2.

Chapter 14 applies "only to a suit brought by an inmate in district court, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a); *Bishop,* 131 S.W.3d at 574. A trial court may dismiss a suit filed under chapter 14 if it finds that: "(1) the allegation of poverty in the affidavit or unsworn declaration is false; (2) the claim is frivolous; or (3) the inmate filed an affidavit or unsworn declaration required by this

4

chapter that the inmate knew was false." TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a); *Amir-Sharif*, 2008 WL 171219, at *2. A trial court has broad discretion to dismiss a lawsuit brought under chapter 14 as frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b); *Knight,* 52 S.W.3d at 294. In determining whether a claim is frivolous or malicious, the trial court may consider whether: "(1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b); *Knight,* 52 S.W.3d at 294.

## Standard of Review

We review a trial court's dismissal of an inmate's claim under chapter 14 under an abuse of discretion standard. *Bishop,* 131 S.W.3d at 574. A court abuses its discretion if it acts arbitrarily, capriciously, and without reference to guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied,* 476 U.S. 1159 (1986); *Bishop,* 131 S.W.3d at 574; *Martinez v. Thaler,* 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied).

5

**Analysis**

Appellant challenges the trial court's dismissal order on the following grounds: (1) that chapter 14 does not apply to original proceedings filed in district courts; (2) that the trial court had jurisdiction to order mandamus relief; thus, it could not have dismissed on that basis; (3) that appellant would prevail on the merits of his petition for writ of mandamus; thus, the trial court could not have properly determined that the proceeding is frivolous; and (4) that a dismissal with prejudice was improper.

**Applicability of Texas Civil Practice and Remedies Code Chapter 14**

Appellant first argues that his petition for writ of mandamus does not fall within the scope of chapter 14 and should not have been dismissed for noncompliance with it. Chapter 14 applies "only to a *suit* brought by an inmate in a district court, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (emphasis added); *Bishop,* 131 S.W.3d at 574. Chapter 14 applies to all civil causes of action other than those brought under the family code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(b). Section 14.001(1) of chapter 14 defines a claim as "a cause of action governed by this chapter." *Id.* at § 14.001(1). Thus, any claim brought by an inmate in a suit in a district court, justice of the peace, or small claims court and

6

accompanied by a declaration of inability to pay costs is governed by chapter 14. *Id.* at § 14.002(a); *see Carson v. Serrano,* 96 S.W.3d 697, 699 (Tex. App.—Texarkana 2003, pet. denied).

Appellant contends that an original proceeding is not a "suit" for purposes of chapter 14. Black's Law Dictionary defines a "suit" as "any proceeding by a party or parties against another in a court of law." BLACK'S LAW DICTIONARY 1475 (8th ed. 2004). An action for writ of mandamus initiated in the trial court is a civil action subject to appeal as any other lawsuit. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 792 n.1 (Tex. 1991). Thus, an original proceeding is a suit for purposes of chapter 14.[2]

Appellant, an inmate, brought this suit in district court, seeking to proceed in forma pauperis. Thus, chapter 14 applies if the claims in appellant's suit are for civil causes of action that do not arise under the family code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(b). Here, appellant filed a petition for writ of mandamus, asking the district court to order appellees to obtain the names of employees working in the mail room and law library, return drafts of

---

[2]Generally, we look to the substance of a cause of action, not the label a petitioner places on his claim to determine the applicability of chapter 14. *See Carson,* 96 S.W.3d at 699 (rejecting inmate's claim that chapter 14 did not apply to his lawsuit because it was labeled a "bill of review")*.* Here, the substance of appellant's petition is a claim for mandamus relief, so appellant brought his proceeding under the correct label.

his lawsuit, and provide supplies and legal materials that he was entitled to receive to prepare his civil lawsuit. These claims are civil in nature and do not arise under the family code. Thus, we conclude and hold that appellant's petition for writ of mandamus is subject to the requirements of chapter 14. *See Jaxson v. Morgan,* No. 14-04-00785-CV, 2006 WL 914199, at *1 (Tex. App.—Houston [14th Dist.] Apr. 6, 2006, no. pet.) (mem. op.); *see also Carson,* 96 S.W.3d at 699. We overrule appellant's first issue.

**Subject Matter Jurisdiction**

In his second and third issues, appellant argues that because appellees had a nondiscretionary, ministerial duty to provide him with the names and materials he requested, the trial court had jurisdiction to order mandamus relief and that his petition was not frivolous. We will address the trial court's jurisdiction first.

A district court has mandamus jurisdiction only to enforce its own jurisdiction. TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. § 24.011 (Vernon 2004); *Martinez,* 931 S.W.2d at 46. A district court has no constitutional or statutory jurisdiction to exercise supervisory control over prison officials absent an attempt by such officials to interfere with the district court's already pending jurisdiction. *Martinez,* 931 S.W.2d at 46.

8

Here, the purpose of appellant's petition for writ of mandamus in the trial court was not to protect the trial court's jurisdiction, but to instigate litigation against appellees. *See Winfrey v. Chandler,* 159 Tex. 220, 318 S.W.2d 59, 61 (Tex. 1958) (holding a district court must have actual jurisdiction of a matter if it seeks to enforce its jurisdiction by its writ power); *Martinez,* 931 S.W.2d at 46. Therefore, the trial court did not have subject matter jurisdiction to order the relief requested in appellant's petition for writ of mandamus. *See* TEX. GOV'T CODE ANN. § 24.011; *Winfrey,* 318 S.W.2d at 61; *Martinez,* 931 S.W.2d at 46. Thus, the trial court lacked subject matter jurisdiction to order the relief sought, and the trial court appropriately dismissed appellant's petition for writ of mandamus. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b).

Moreover, even if the trial court had subject matter jurisdiction, appellant's petition for writ of mandamus was frivolous. In determining whether a claim is frivolous, a trial court may consider whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises out of the "same operative facts." *Id.; Williams v. Tex. Dep't of Criminal Justice-Inst. Div*., 176 S.W.3d 590, 593 (Tex. App.—Tyler 2005, pet. denied). To enable a trial court to determine whether the suit is substantially similar to a previous one, an inmate is required to file a separate affidavit or unsworn declaration describing all other suits the inmate has brought and stating the

9

"operative facts" upon which relief was sought. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(4); *Williams,* 176 S.W.3d at 593. The affidavit must also disclose whether the prior suits were dismissed as frivolous or malicious and provide the dates of the final orders affirming the dismissals. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(a)(2)(D), 14.004(b); *Williams,* 176 S.W.3d at 593.

In this case, the record contains no affidavits or sworn declarations regarding previous lawsuits filed by appellant, which are required by civil practice and remedies code section 14.004(a).[3] Thus, even if the trial court had jurisdiction to consider appellant's issues, without this document, the trial court was unable to determine whether appellant's current claim was substantially similar to his previous claims and the trial court was entitled to assume that the suit was substantially similar to one previously filed by the inmate, and therefore, frivolous. *Williams,* 176 S.W.3d at 593. We overrule appellant's second issue.[4]

---

[3]The record reflects that appellant filed an inmate trust account statement in compliance with civil practice and remedies code sections 14.004(c) and 14.006(f). TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c), 14.006(f).

[4]Because we have determined that the trial court appropriately dismissed appellant's petition for writ of mandamus and overruled his second issue, we need not address appellant's third issue challenging the propriety of the dismissal on other grounds. *See* TEX. R. APP. P. 47.1; *Williams v. Mooneyham,*

**Dismissal with Prejudice**

In his fourth issue, appellant argues that the trial court's dismissal should not have been made with prejudice.

A dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. *Ritchey v. Vasquez,* 986 S.W.2d 611, 612 (Tex. 1999); *Knight,* 52 S.W.3d at 295; *Mooneyham,* 2008 WL 281525, at *3. Thus, orders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between the same parties. *See Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 630-31 (Tex. 1992); *see also Steger v. Muenster Drilling Co., Inc*., 134 S.W.3d 359, 368 (Tex. App.—Fort Worth 2003, pet. denied).

A dismissal with prejudice is improper if the plaintiff's failure to comply with the statute's procedural requirements can be remedied. *Mooneyham,* 2008 WL 281525, at *3; *see also Hickman v. Adams,* 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.). When reviewing whether the trial court abused its discretion by dismissing with prejudice, this court should consider whether the petitioner's error could be remedied with a more specific

No. 02-06-00348-CV, 2008 WL 281525, at *4 (Tex. App.—Fort Worth Jan. 31,2008, no pet.) (mem. op.).

11

pleading; if so, a dismissal with prejudice is improper. *Mooneyham,* 2008 WL 3203126, at *3*; see also Knight,* 52 S.W.3d at 294.

Here, the trial court's dismissal with prejudice acts as a bar to any original proceeding brought by appellant against the same parties arising out of the same facts. Appellant cannot remedy the trial court's jurisdictional deficiency by repleading, unless the trial court otherwise obtains jurisdiction over the cause. But dismissing a claim based on lack of subject matter jurisdiction does not operate as res judicata. *See Igal v. Brightstar Info. Tech. Group, Inc.,* No. 04-0931, 2007 WL 4276545, at *2 (Tex. Jan. 17, 2007) (stating res judicata does not apply when the initial tribunal lacks subject matter jurisdiction over the claim); *see also Harris County v. Sykes,* 136 S.W.3d 635, 639 (Tex. 2004) (stating a dismissal with prejudice is improper when the plaintiff is capable of remedying the jurisdictional defect). Thus the trial court should have dismissed without prejudice. *See Harris County,* 136 S.W.3d at 639. We sustain appellant's fourth issue.

**Conclusion**

Having sustained appellant's fourth issue and having overruled his other issues, we modify the trial court's order of dismissal by deleting the words "with prejudice" and substituting in their place the words, "without prejudice." The trial court's judgment is affirmed as modified.

TERRIE LIVINGSTON
JUSTICE

PANEL F:   LIVINGSTON, GARDNER, and WALKER, JJ.

DELIVERED: March 6, 2008

13