COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-480-CV



 

 

REGINALD
DALE PETERS                                                      APPELLANT

 

                                                   V.

 

ROBERT CRANK, DAVID CONWAY,                                         APPELLEES

ROBERT CHRISTIAN, LESLIE CRANE,

RALPH H. WALTON, JR., ALLEN

HARDIN, AND ROBERT YOUNG

 

                                              ------------

 

 

                                        NO.
2-08-481-CV

 

 

REGINALD
DALE PETERS                                                      APPELLANT

 

                                                   V.

 

LARRY
GOWIN, DAVID CONWAY,                                          APPELLEES

ROBERT YOUNG, ALLEN
HARDIN,

AND ROBERT CHRISTIAN

 

                                              ------------

 

 

 

 

 








                                        NO.
2-08-482-CV

 

 

REGINALD
DALE PETERS                                                      APPELLANT

 

                                                   V.

 

CLINT
PULLMAN, ROBERT                                                     APPELLEES

CRANK, ALLEN HARDIN, AND

ROBERT CHRISTIAN

 

                                              ------------

 

 

                                        NO.
2-08-483-CV

 

 

REGINALD
DALE PETERS                                                      APPELLANT

 

                                                   V.

 

VINCENT
MESSINA, STUART NEIL,                                         APPELLEES

KELTON CONNER, JUDY
WATSON,

ROBERT CHRISTIAN, J.L.
EAST,

ALLEN HARDIN, ROBERT
CRANK,

DAVID CONWAY, DAVID
TUCKER,

LESLIE CRANE, ROBERT
YOUNG,

THELBERT MILLSAP, JOHNNY
ROSE,

JOHNNY MILLER, JUDY ELAIN
PETERS,

ANGELA CHRISTINE PETERS,
AND

REGINALD DALE PETERS, III

 

                                               -----------

 

 

 

 

 

 








                                        NO.
2-08-484-CV

 

 

REGINALD
DALE PETERS                                                      APPELLANT

 

                                                   V.

 

GREG
ABBOTT, J.E. MAYO, AND                                           APPELLEES

ROBERT CHRISTIAN

 

                                               -----------

 

 

                                        NO.
2-08-485-CV

 

 

REGINALD
DALE PETERS                                                      APPELLANT

 

                                                   V.

 

SETH
BYRON DENNIS                                                             APPELLEE

 

 

                                              ------------

 

              FROM THE 355TH
DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








In this consolidated appeal, Appellant Reginald
Dale Peters appeals the trial court=s orders
dismissing his pro se, in forma pauperis suits against Appellees Greg Abbott,
Seth Byron Dennis, Ralph H. Walton, Jr., Vincent Messina, Kelton Conner, Judy
Watson, J.L. East, Robert Young, Thelbert Millsap, Johnny Rose, Johnny Miller,
Robert Crank, David Conway, Allen Hardin, J.E. Mayo, Robert Christian, Clint
Pullman, Larry Gowin, Leslie Crane, Stuart Neil, David Tucker, Judy Elain
Peters, Reginald Dale Peters, III, and Angela Christine Peters.  We will affirm.

Peters is an inmate incarcerated in the William
P. Clements Unit of the Institutional Division of the Texas Department of
Criminal Justice.  He filed the first of
six petitions in January 2008, all complaining about a chain of incidents that
occurred between December 2003 and May 2004. 
Peters alleged that in late December 2003, Hood County law enforcement
officers assaulted him and endangered his child when they executed a warrant
for his arrest at his residence.  He
claimed that around the same time, he informed law enforcement personnel about
thousands of dollars= worth of unsecured personal
property at his residence and that the property was stolen while he was in
jail.  Peters also alleged that in May
2004, after he had been arrested again and while he was in jail, his bondsman
and possibly his son and ex-wife stole thousands of dollars= worth of
property from his residence.








The central complaints running through Peters=s
filings are that the Appellees perpetrated a fraud and violated his
constitutional rights by committing or assisting in the commission of the
complained-of acts or failed to either investigate his complaints regarding the
stolen property or file charges on those complaints.  Although it is not entirely clear from the
record, all of the Appellees seem to have been involved in some way at some
point during the events that form the basis of the suits.

Peters stated in the petitions that he brought a ATexas
State Tort Claim@ pursuant to articles 100.001
through 100.109 of the ATexas State Tort Claims Act@ against
the defendants in their individual capacitiesCAso as to
over come any type of claim of immunity.@  In conjunction with the tort claims, he
alleged that the defendants violated his rights guaranteed him under the
Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States
Constitution.  Peters sought damages of
ten to fifty million dollars, and he affirmed in the petitions that he filed
the lawsuits pro se and in forma pauperis. 
The trial court dismissed his suits and declared him a vexatious litigant.[2]








Peters=s suits
are governed by chapter 14 of the civil practice and remedies code.  Chapter 14 governs suits brought by an inmate
in a district, county, justice of the peace, or small claims court in which the
inmate files an affidavit or unsworn declaration of inability to pay
costs.  Tex. Civ. Prac. & Rem. Code
Ann. ' 14.002(a)
(Vernon 2002); Garrett v. Borden, 283 S.W.3d 852, 852 (Tex. 2009); Garrett
v. Williams, 250 S.W.3d 154, 157 (Tex. App.CFort
Worth 2008, no pet.); Garrett v. Trapp, No. 02-08-00186-CV, 2008 WL
5115227, at *1 (Tex. App.CFort Worth Dec. 4, 2008, no
pet.) (mem. op.).  The legislature
enacted this statute to control the flood of frivolous lawsuits being filed in
Texas courts by prison inmates because these suits consume many valuable judicial
resources with little offsetting benefits. 
Williams, 250 S.W.3d at 157; Bishop v. Lawson, 131 S.W.3d
571, 574 (Tex. App.CFort Worth 2004, pet.
denied).  The purpose of chapter 14 is
not to punish inmates for filing claims but to aid the court in determining
whether an inmate=s claim is frivolous.  Williams, 250 S.W.3d at 157.








A court may dismiss a claim if the court finds
that the allegation of poverty in the affidavit or unsworn declaration is false,
if the claim is frivolous or malicious, or if the court finds that the inmate
filed an affidavit or unsworn declaration required by this chapter that the
inmate knew was false.  Tex. Civ. Prac.
& Rem. Code Ann. ' 14.003(a) (Vernon
2002).  In determining whether a claim is
frivolous or malicious, the court may consider whether the claim=s
realistic chance of ultimate success is slight, whether the claim has no
arguable basis in law or in fact, whether it is clear that the party cannot
prove facts in support of the claim, and whether the claim is substantially
similar to a previous claim filed by the inmate because the claim arises from
the same operative facts.  Id. ' 14.003(b).








Trial courts are given broad discretion to
determine whether an inmate=s in
forma pauperis suit should be dismissed because (1) prisoners have a
strong incentive to litigate; (2) the government bears the cost of an in
forma pauperis suit; (3) sanctions are not effective; and (4) the
dismissal of unmeritorious claims accrues to the benefit of state officials,
courts, and meritorious claimants.  Montana
v. Patterson, 894 S.W.2d 812, 814B15 (Tex.
App.CTyler
1994, no writ); see also Pittman v. Dep=t of
Criminal JusticeBInst. Div., No.
14-99-00696-CV, 2000 WL 1752799, at *2 (Tex. App.CHouston
[14th Dist.] Nov. 30, 2000, no pet.) (not designated for publication)
(reasoning that a trial court may dismiss an inmate suit on the court=s own
motion without a formal motion to dismiss from the defendant) (citing Hicks
v. Brysch, 989 F. Supp. 797, 815 (W.D. Tex. 1997)).  We thus review a trial court=s
dismissal of an inmate=s claim under chapter 14 under
an abuse of discretion standard.[3]  Williams, 250 S.W.3d at 158; Thomas
v. Wichita Gen. Hosp., 952 S.W.2d 936, 939 (Tex. App.CFort
Worth 1997, pet. denied).  A trial court
abuses its discretion if it acts arbitrarily, capriciously, and without
reference to guiding rules or principles. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986).  We will affirm the dismissal if it was proper
under any legal theory.  Johnson v.
Lynaugh, 796 S.W.2d 705, 706B07 (Tex.
1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.CWaco
1991, writ denied); Rhodes v. Poland, No. 12-08-00060-CV, 2008 WL
4491468, at *1B2 (Tex. App.CTyler Oct.
8, 2008, pet. denied) (affirming trial court=s orderCwhich
dismissed inmate=s chapter 14 suit as frivolousCon the
ground that government code section 508.0441 does not conflict with article IV,
section 11 of the Texas constitution).








In this case, the trial court could have
concluded that all of Peters=s claims
are frivolous or malicious because they have no arguable basis in law.  See Tex. Civ. Prac. & Rem. Code
Ann. ' 14.003(a),
(b)(1).  Specifically, Peters did not
direct the trial court, nor does he now direct this court, to any statutory or
common law cause of action for failure to investigate and prosecute an alleged
criminal offense.[4]  In the absence of such an action, Peters=s claims
have no basis in law.

To the extent that Peters asserted claims under
the Texas Tort Claims Act (ATTCA@), the
TTCA waives a governmental unit=s
immunity from liability and suit in three narrowly defined areas:  (1) property damage and personal injury
caused by the use of publicly owned automobiles; (2) personal injury
caused by a condition or use of tangible personal or real property; and
(3) claims arising out of premises defects.  Tex. Civ. Prac. & Rem. Code Ann. ' 101.021
(Vernon 2005), ' 101.022 (Vernon Supp. 2008), ' 101.025
(Vernon 2005); Tex. Dep=t of
Parks and Wildlife v. Miranda, 133 S.W.3d 217, 225 (Tex.
2004).  Peters=s claims
seeking to impose liability against Appellees do not fit within any of the
above three limited waivers of immunity.








To the that extent Peters=s
petitions can be construed to allege violations of 42 U.S.C. ' 1983[5]
against any of the defendants, qualified immunity is immunity from suit
available to government officials sued in their individual capacities under ' 1983.  Harlow v. Fitzgerald, 457 U.S. 800,
818, 102 S. Ct. 2727, 2738 (1982). 
Government officials performing discretionary functions are protected
from civil liability under the doctrine of qualified immunity if their conduct
violates no clearly established statutory or constitutional rights of which a
reasonable person would have known.  Poteet
v. Sullivan, 218 S.W.3d 780, 787 (Tex. App.CFort
Worth 2007, pet. denied).  Appellees= alleged
failure to investigate Peters=s
complaints regarding stolen property or file charges on those complaints did
not violate a clearly established statutory or constitutional law or right.

To the extent that Peters=s
petitions can be construed to merely allege common law fraud claims against
Appellees,[6]
in light of the entire record, the trial court could have concluded that his
realistic chances of ultimate success on those claims were slight or that the
claims have no arguable basis in fact.  See
Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(b)(1),
(2).

We hold that the trial court did not abuse its
discretion by dismissing Peters=s claims
against Appellees.  See id. ' 14.003(a)(2).  We overrule Peters=s issues
and affirm the trial court=s
judgments.

PER
CURIAM

 

PANEL:  MEIER, J.; CAYCE, C.J.; and DAUPHINOT, J.

 

DELIVERED:  August 28, 2009











[1]See Tex. R. App. P. 47.4.





[2]The trial court appointed
an attorney to represent Peters in this appeal, but after the briefs were
filed, Peters filed numerous motions, one complaining of a conflict of interest
between his appointed attorney and him. 
We granted his request that his appointed counsel be withdrawn, denied
all other requested relief, and gave him an opportunity to file a new
brief.  Peters did not timely file a
brief; so, as we had notified him that we would in the absence of new briefs,
we relied on the briefs already on file to resolve the appeals.





[3]While dismissal is
reviewed under an abuse of discretion, the issue as to whether there was an
arguable basis in law is a legal question that we review de novo.  See In re Humphreys, 880 S.W.2d 402,
404 (Tex.), cert. denied, 513 U.S. 964 (1994) (explaining that questions
of law are reviewable de novo).





[4]The Fifth Circuit has
reasoned that the alleged failure to investigate complaints and to take action
in response to them does not provide a basis for a civil rights suit.  Robinson v. U.S., Fed. Bureau of
Investigation, 185 Fed. Appx. 347, 348 (5th Cir. 2006).





[5]Section 1983 provides a
remedy when any person acting under color of state law deprives another of
rights, privileges, or immunities protected by the United States Constitution
or laws.  42 U.S.C.A. ' 1983 (West 2003).





[6]Peters states repeatedly
in correspondence that his case is about fraud.