# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH


**NO. 2-08-480-CV**

REGINALD DALE PETERS                                          APPELLANT

V.

ROBERT CRANK, DAVID CONWAY,                                   APPELLEES
ROBERT CHRISTIAN, LESLIE CRANE,
RALPH H. WALTON, JR., ALLEN
HARDIN, AND ROBERT YOUNG

------------

**NO. 2-08-481-CV**

REGINALD DALE PETERS                                          APPELLANT

V.

LARRY GOWIN, DAVID CONWAY,                                    APPELLEES
ROBERT YOUNG, ALLEN HARDIN,
AND ROBERT CHRISTIAN

------------

**NO. 2-08-482-CV**

REGINALD DALE PETERS                                                       APPELLANT

V.

CLINT PULLMAN, ROBERT                                                       APPELLEES
CRANK, ALLEN HARDIN, AND
ROBERT CHRISTIAN

------------

**NO. 2-08-483-CV**

REGINALD DALE PETERS                                                       APPELLANT

V.

VINCENT MESSINA, STUART NEIL,                                              APPELLEES
KELTON CONNER, JUDY WATSON,
ROBERT CHRISTIAN, J.L. EAST,
ALLEN HARDIN, ROBERT CRANK,
DAVID CONWAY, DAVID TUCKER,
LESLIE CRANE, ROBERT YOUNG,
THELBERT MILLSAP, JOHNNY ROSE,
JOHNNY MILLER, JUDY ELAIN PETERS,
ANGELA CHRISTINE PETERS, AND
REGINALD DALE PETERS, III

------------

2

**NO. 2-08-484-CV**

REGINALD DALE PETERS                                                                 APPELLANT

V.

GREG ABBOTT, J.E. MAYO, AND                                                      APPELLEES
ROBERT CHRISTIAN

-----------

**NO. 2-08-485-CV**

REGINALD DALE PETERS                                                                 APPELLANT

V.

SETH BYRON DENNIS                                                                        APPELLEE

-----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

-----------

# MEMORANDUM OPINION[1]

-----------

In this consolidated appeal, Appellant Reginald Dale Peters appeals the

trial court's orders dismissing his pro se, in forma pauperis suits against

---

[1] *See* Tex. R. App. P. 47.4.

3

Appellees Greg Abbott, Seth Byron Dennis, Ralph H. Walton, Jr., Vincent Messina, Kelton Conner, Judy Watson, J.L. East, Robert Young, Thelbert Millsap, Johnny Rose, Johnny Miller, Robert Crank, David Conway, Allen Hardin, J.E. Mayo, Robert Christian, Clint Pullman, Larry Gowin, Leslie Crane, Stuart Neil, David Tucker, Judy Elain Peters, Reginald Dale Peters, III, and Angela Christine Peters.  We will affirm.

Peters is an inmate incarcerated in the William P. Clements Unit of the Institutional Division of the Texas Department of Criminal Justice.  He filed the first of six petitions in January 2008, all complaining about a chain of incidents that occurred between December 2003 and May 2004.  Peters alleged that in late December 2003, Hood County law enforcement officers assaulted him and endangered his child when they executed a warrant for his arrest at his residence.  He claimed that around the same time, he informed law enforcement personnel about thousands of dollars' worth of unsecured personal property at his residence and that the property was stolen while he was in jail.  Peters also alleged that in May 2004, after he had been arrested again and while he was in jail, his bondsman and possibly his son and ex-wife stole thousands of dollars' worth of property from his residence.

The central complaints running through Peters's filings are that the Appellees perpetrated a fraud and violated his constitutional rights by

4

committing or assisting in the commission of the complained-of acts or failed to either investigate his complaints regarding the stolen property or file charges on those complaints. Although it is not entirely clear from the record, all of the Appellees seem to have been involved in some way at some point during the events that form the basis of the suits.

Peters stated in the petitions that he brought a "Texas State Tort Claim" pursuant to articles 100.001 through 100.109 of the "Texas State Tort Claims Act" against the defendants in their individual capacities— "so as to over come any type of claim of immunity." In conjunction with the tort claims, he alleged that the defendants violated his rights guaranteed him under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Peters sought damages of ten to fifty million dollars, and he affirmed in the petitions that he filed the lawsuits pro se and in forma pauperis. The trial court dismissed his suits and declared him a vexatious litigant.[2]

Peters's suits are governed by chapter 14 of the civil practice and remedies code. Chapter 14 governs suits brought by an inmate in a district,

---

[2] The trial court appointed an attorney to represent Peters in this appeal, but after the briefs were filed, Peters filed numerous motions, one complaining of a conflict of interest between his appointed attorney and him. We granted his request that his appointed counsel be withdrawn, denied all other requested relief, and gave him an opportunity to file a new brief. Peters did not timely file a brief; so, as we had notified him that we would in the absence of new briefs, we relied on the briefs already on file to resolve the appeals.

county, justice of the peace, or small claims court in which the inmate files an affidavit or unsworn declaration of inability to pay costs. Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); *Garrett v. Borden*, 283 S.W.3d 852, 852 (Tex. 2009); *Garrett v. Williams*, 250 S.W.3d 154, 157 (Tex. App.—Fort Worth 2008, no pet.); *Garrett v. Trapp*, No. 02-08-00186-CV, 2008 WL 5115227, at *1 (Tex. App.—Fort Worth Dec. 4, 2008, no pet.) (mem. op.). The legislature enacted this statute to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefits. *Williams*, 250 S.W.3d at 157; *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied). The purpose of chapter 14 is not to punish inmates for filing claims but to aid the court in determining whether an inmate's claim is frivolous. *Williams*, 250 S.W.3d at 157.

A court may dismiss a claim if the court finds that the allegation of poverty in the affidavit or unsworn declaration is false, if the claim is frivolous or malicious, or if the court finds that the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a) (Vernon 2002). In determining whether a claim is frivolous or malicious, the court may consider whether the claim's realistic chance of ultimate success is slight, whether the claim has no arguable

6

basis in law or in fact, whether it is clear that the party cannot prove facts in support of the claim, and whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id*. § 14.003(b).

Trial courts are given broad discretion to determine whether an inmate's in forma pauperis suit should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *Montana v. Patterson*, 894 S.W.2d 812, 814–15 (Tex. App.—Tyler 1994, no writ); *see also Pittman v. Dep't of Criminal Justice–Inst. Div.*, No. 14-99-00696-CV, 2000 WL 1752799, at *2 (Tex. App.—Houston [14th Dist.] Nov. 30, 2000, no pet.) (not designated for publication) (reasoning that a trial court may dismiss an inmate suit on the court's own motion without a formal motion to dismiss from the defendant) (citing *Hicks v. Brysch*, 989 F. Supp. 797, 815 (W.D. Tex. 1997)).  We thus review a trial court's dismissal of an inmate's claim under chapter 14 under an abuse of discretion standard.[3]

---

[3] While dismissal is reviewed under an abuse of discretion, the issue as to whether there was an arguable basis in law is a legal question that we review de novo.  *See In re Humphreys*, 880 S.W.2d 402, 404 (Tex.), *cert. denied*, 513 U.S. 964 (1994) (explaining that questions of law are reviewable

7

*Williams*, 250 S.W.3d at 158; *Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 939 (Tex. App.—Fort Worth 1997, pet. denied). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986). We will affirm the dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.—Waco 1991, writ denied); *Rhodes v. Poland*, No. 12-08-00060-CV, 2008 WL 4491468, at *1–2 (Tex. App.—Tyler Oct. 8, 2008, pet. denied) (affirming trial court's order—which dismissed inmate's chapter 14 suit as frivolous—on the ground that government code section 508.0441 does not conflict with article IV, section 11 of the Texas constitution).

In this case, the trial court could have concluded that all of Peters's claims are frivolous or malicious because they have no arguable basis in law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a), (b)(1). Specifically, Peters did not direct the trial court, nor does he now direct this court, to any statutory or common law cause of action for failure to investigate and prosecute an

---

de novo).

8

alleged criminal offense.[4]  In the absence of such an action, Peters's claims have no basis in law.

To the extent that Peters asserted claims under the Texas Tort Claims Act ("TTCA"), the TTCA waives a governmental unit's immunity from liability and suit in three narrowly defined areas:  (1) property damage and personal injury caused by the use of publicly owned automobiles; (2) personal injury caused by a condition or use of tangible personal or real property; and (3) claims arising out of premises defects.  Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005), § 101.022 (Vernon Supp. 2008), § 101.025 (Vernon 2005); *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004).  Peters's claims seeking to impose liability against Appellees do not fit within any of the above three limited waivers of immunity.

To the that extent Peters's petitions can be construed to allege violations of 42 U.S.C. § 1983[5] against any of the defendants, qualified immunity is immunity from suit available to government officials sued in their individual capacities under § 1983.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct.

---

[4] The Fifth Circuit has reasoned that the alleged failure to investigate complaints and to take action in response to them does not provide a basis for a civil rights suit.  *Robinson v. U.S., Fed. Bureau of Investigation*, 185 Fed. Appx. 347, 348 (5th Cir. 2006).

[5] Section 1983 provides a remedy when any person acting under color of state law deprives another of rights, privileges, or immunities protected by the United States Constitution or laws.  42 U.S.C.A. § 1983 (West 2003).

2727, 2738 (1982). Government officials performing discretionary functions are protected from civil liability under the doctrine of qualified immunity if their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known. *Poteet v. Sullivan*, 218 S.W.3d 780, 787 (Tex. App.—Fort Worth 2007, pet. denied). Appellees' alleged failure to investigate Peters's complaints regarding stolen property or file charges on those complaints did not violate a clearly established statutory or constitutional law or right.

To the extent that Peters's petitions can be construed to merely allege common law fraud claims against Appellees,[6] in light of the entire record, the trial court could have concluded that his realistic chances of ultimate success on those claims were slight or that the claims have no arguable basis in fact. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(1), (2).

We hold that the trial court did not abuse its discretion by dismissing Peters's claims against Appellees. *See id.* § 14.003(a)(2). We overrule Peters's issues and affirm the trial court's judgments.

PER CURIAM

PANEL: MEIER, J.; CAYCE, C.J.; and DAUPHINOT, J.

DELIVERED: August 28, 2009

---

[6] Peters states repeatedly in correspondence that his case is about fraud.

10