COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO. 2-09-222-CV

 

 

ROY E. ADDICKS, JR.                                                          APPELLANT

 

                                                   V.

 

MICHAEL R. LITTLE                                                                APPELLEE

 

                                              ------------

 

             FROM THE 89TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                        MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Roy E. Addicks, Jr., a pro se, indigent
inmate, appeals from the trial court=s order dismissing his petition for writ of
mandamus without prejudice[2]
under sections 14.003 and 14.004 of the civil practice and remedies code.  Tex. Civ. Prac. & Rem. Code Ann. '' 14.003B.004 (Vernon 2002).  In his mandamus petition, he sought to have
the trial court compel appellee, a small claims court judge in Wichita County,
to rule on various motions filed by appellant in appellee=s court. 
Appellant does not dispute that he failed to follow the requirements of
section 14.004 in filing his petition for writ of mandamus[3];
instead, in two issues, he contends that chapter 14 does not apply to the
mandamus petition he filed because an original proceeding is not a civil suit
as contemplated by that chapter. 
However, this court has held that Aan original proceeding is a suit for purposes of
chapter 14@
and, thus, that a pro se, indigent inmate filing an original proceeding must
abide by the requirements of that chapter. 
See Garrett v. Williams, 250 S.W.3d 154, 158 (Tex. App.CFort Worth 2008, no pet.).  Accordingly, we overrule appellant=s two issues and affirm the trial court=s order.

 

PER CURIAM

 

PANEL: 
LIVINGSTON, MCCOY, and MEIER, JJ.

 

DELIVERED: 
April 1, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Greenwood v. Tillamook Country Smoker, Inc., 857 S.W.2d 654, 656 (Tex. App.CHouston [1st
Dist.] 1993, no writ).





[3]Although appellant never expressly argues that his mandamus petition
is not frivolous, a fair reading of his brief and reply brief shows that he
believes the claims in his petition are meritorious.  See Tex. R. App. P. 38.1(i), 38.9.
Nevertheless, if the trial court=s dismissal is
proper under section 14.004, we need not address whether it is proper under
rule 14.003.  See Bell v. Tex. Dep=t of Criminal Justice-Inst. Div., 962 S.W.2d
156, 158 (Tex. App.CHouston [14th Dist.] 1998, pet. denied).