

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-222-CV

ROY E. ADDICKS, JR.                                          APPELLANT

V.

MICHAEL R. LITTLE                                            APPELLEE

------------

### FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Roy E. Addicks, Jr., a pro se, indigent inmate, appeals from the trial court's order dismissing his petition for writ of mandamus without prejudice[2] under sections 14.003 and 14.004 of the civil practice and remedies code. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.003–.004 (Vernon 2002). In his mandamus petition, he sought to have the trial court compel appellee, a

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See Greenwood v. Tillamook Country Smoker, Inc.*, 857 S.W.2d 654, 656 (Tex. App.—Houston [1st Dist.] 1993, no writ).

small claims court judge in Wichita County, to rule on various motions filed by appellant in appellee's court. Appellant does not dispute that he failed to follow the requirements of section 14.004 in filing his petition for writ of mandamus[3]; instead, in two issues, he contends that chapter 14 does not apply to the mandamus petition he filed because an original proceeding is not a civil suit as contemplated by that chapter. However, this court has held that "an original proceeding is a suit for purposes of chapter 14" and, thus, that a pro se, indigent inmate filing an original proceeding must abide by the requirements of that chapter. *See Garrett v. Williams*, 250 S.W.3d 154, 158 (Tex. App.—Fort Worth 2008, no pet.). Accordingly, we overrule appellant's two issues and affirm the trial court's order.

PER CURIAM

PANEL: LIVINGSTON, MCCOY, and MEIER, JJ.

DELIVERED: April 1, 2010

---

[3] Although appellant never expressly argues that his mandamus petition is not frivolous, a fair reading of his brief and reply brief shows that he believes the claims in his petition are meritorious. *See* Tex. R. App. P. 38.1(i), 38.9. Nevertheless, if the trial court's dismissal is proper under section 14.004, we need not address whether it is proper under rule 14.003. *See Bell v. Tex. Dep't of Criminal Justice-Inst. Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).