

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00339-CV

TRACEY MURPHY                                                        APPELLANT

V.

JUDGE MARC NEWMAN                                                    APPELLEE

----------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Tracey Murphy appeals pro se the dismissal of his petition for writ of mandamus. We affirm.

### Background Facts

Appellant filed a small claims suit in the justice court regarding "destruction of personal property in retaliation and negligence of the public servants." Appellant claims he filed the case on April 5, 2007, by handing his petition to the

---

[1]*See* Tex. R. App. P. 47.4.

prison authorities to mail. *See Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) ("[A] pro se inmate's claim under section 14.004 of the Inmate Litigation Act is deemed filed at the time the prison authorities duly receive the document to be mailed."). Appellant states that the petition was mistakenly sent to the district court, which then forwarded it to the justice court on May 7, 2007. On August 26, 2008, the justice court found that the petition was untimely under section 14.005(b) of the civil practice and remedies code and dismissed Appellant's case with prejudice. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b) (West 2002) ("A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.").[2] Appellant claims that he appealed the ruling "but for some reason the court never received the Appellate brief."

Appellant then filed a petition for mandamus in the district court in December 2010, seeking to compel the justice court to withdraw its dismissal of his small claims suit and to hold a hearing on the timeliness of the filing. The district court dismissed Appellant's petition. Appellant then appealed the dismissal to this court.

**Discussion**

Although Appellant argues against the justice court's dismissal of his case, this appeal only concerns the district court's dismissal of Appellant's petition for

---

[2]Appellant claims he received the written decision from the grievance system on March 9, 2007.

2

writ of mandamus. A district court may only grant mandamus to protect its jurisdiction. Tex. Const. art. V, § 8; Tex. Gov't Code Ann. § 24.011 (West 2004); *Garrett v. Williams*, 250 S.W.3d 154, 159 (Tex. App.—Fort Worth 2008, no pet.). Here, the county court, not the district court, had appellate jurisdiction over Appellant's claim. *See* Tex. Gov't Code Ann. § 28.052(a) (West Supp. 2011) ("If the amount in controversy, exclusive of costs, exceeds $250, a dissatisfied party may appeal the final judgment to the county court or county court at law.").[3] Because the district court's jurisdiction was not threatened, the district court had no jurisdiction to issue a writ of mandamus in this case.

Even if the district court could have obtained jurisdiction over the case, it could have dismissed Appellant's petition as frivolous under chapter 14 of the civil practice and remedies code. *See* Tex. Civ. Prac & Rem. Code Ann. § 14.003(a) (allowing for the dismissal of an inmate's claim if it is frivolous); *Garrett*, 250 S.W.3d at 159 (holding that inmate's petition for writ of mandamus is subject to the requirements of chapter 14). Because the justice court no longer had jurisdiction over Appellant's case, his claim had no arguable basis in law or in fact and had no realistic chance of success.[4] *See* Tex. Civ. Prac. & Rem.

---

[3]Appellant sought compensatory damages of $250 and punitive damages of $50. *See Garza v. Chavarria*, 155 S.W.3d 252, 256 (Tex. App.—El Paso 2004, no pet.) (including punitive damages in calculating the amount in controversy for purposes of determining justice court's jurisdiction).

[4]The justice court signed the order dismissing Appellant's claim on August 26, 2008. The justice court's plenary power over Appellant's case expired thirty days from that date, on September 25, 2008. *See* Tex. R. Civ. P. 329b(d) ("The

Code Ann. § 14.003(b)(1), (2) (stating that the court may consider the claim's basis in law and fact and its chance of success in determining whether it is frivolous). We hold that the district court properly dismissed Appellant's petition, and we overrule Appellant's issue.

## Conclusion

Having overruled Appellant's issue, we affirm the district court's judgment.

PER CURIAM

PANEL: GABRIEL, WALKER, and MCCOY, JJ.

DELIVERED: April 12, 2012

---

trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."). Even if Appellant had filed a motion that could be construed to extend the justice court's plenary power, it only could have extended jurisdiction until December 9, 2008. *See* Tex. R. Civ. P. 329b(c) (stating that a motion for new trial or a motion to modify, correct, or reform a judgment is overruled by operation of law seventy-five days after the judgment was signed); *L.M. Healthcare, Inc. v. Childs*, 929 S.W.2d 442, 444 (Tex. 1996) ("The trial court's plenary jurisdiction cannot extend beyond 105 days after the trial court signs the judgment."). The justice court therefore lost jurisdiction over Appellant's case long before Appellant filed his petition for writ of mandamus.