02-11-339-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00339-CV

 

 


 
 
 Tracey Murphy
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Judge Marc Newman
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 89th
District Court OF Wichita COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

Appellant
Tracey Murphy appeals pro se the dismissal of his petition for writ of
mandamus.  We affirm.

Background
Facts

Appellant
filed a small claims suit in the justice court regarding “destruction of
personal property in retaliation and negligence of the public servants.”  Appellant
claims he filed the case on April 5, 2007, by handing his petition to the
prison authorities to mail.  See Warner v. Glass, 135 S.W.3d 681, 684
(Tex. 2004) (“[A] pro se inmate’s claim under section 14.004 of the Inmate
Litigation Act is deemed filed at the time the prison authorities duly receive
the document to be mailed.”).  Appellant states that the petition was
mistakenly sent to the district court, which then forwarded it to the justice
court on May 7, 2007.  On August 26, 2008, the justice court found that the
petition was untimely under section 14.005(b) of the civil practice and
remedies code and dismissed Appellant’s case with prejudice.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.005(b) (West 2002) (“A court shall
dismiss a claim if the inmate fails to file the claim before the 31st day after
the date the inmate receives the written decision from the grievance system.”).[2]
 Appellant claims that he appealed the ruling “but for some reason the court
never received the Appellate brief.”

Appellant
then filed a petition for mandamus in the district court in December 2010,
seeking to compel the justice court to withdraw its dismissal of his small
claims suit and to hold a hearing on the timeliness of the filing.  The
district court dismissed Appellant’s petition.  Appellant then appealed the
dismissal to this court.

Discussion

          Although
Appellant argues against the justice court’s dismissal of his case, this appeal
only concerns the district court’s dismissal of Appellant’s petition for writ
of mandamus.  A district court may only grant mandamus to protect its
jurisdiction.  Tex. Const. art. V, § 8; Tex. Gov’t Code Ann. § 24.011 (West
2004); Garrett v. Williams, 250 S.W.3d 154, 159 (Tex. App.—Fort Worth
2008, no pet.).  Here, the county court, not the district court, had appellate
jurisdiction over Appellant’s claim.  See Tex. Gov’t Code Ann. § 28.052(a)
(West Supp. 2011) (“If the amount in controversy, exclusive of costs, exceeds
$250, a dissatisfied party may appeal the final judgment to the county court or
county court at law.”).[3]  Because the district
court’s jurisdiction was not threatened, the district court had no jurisdiction
to issue a writ of mandamus in this case.

Even
if the district court could have obtained jurisdiction over the case, it could
have dismissed Appellant’s petition as frivolous under chapter 14 of the civil
practice and remedies code.  See Tex. Civ. Prac & Rem. Code Ann. § 14.003(a)
(allowing for the dismissal of an inmate’s claim if it is frivolous);
Garrett, 250 S.W.3d at 159 (holding that inmate’s petition for writ of
mandamus is subject to the requirements of chapter 14).  Because the justice
court no longer had jurisdiction over Appellant’s case, his claim had no
arguable basis in law or in fact and had no realistic chance of success.[4] 
See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(1), (2) (stating
that the court may consider the claim’s basis in law and fact and its chance of
success in determining whether it is frivolous).  We hold that the district court
properly dismissed Appellant’s petition, and we overrule Appellant’s issue.

Conclusion

          Having
overruled Appellant’s issue, we affirm the district court’s judgment.

 

 

PER CURIAM



 

PANEL: 
GABRIEL,
WALKER, and MCCOY, JJ.

 

DELIVERED:  April 12, 2012









[1]See Tex. R. App. P. 47.4.





[2]Appellant claims he
received the written decision from the grievance system on March 9, 2007.





[3]Appellant sought
compensatory damages of $250 and punitive damages of $50.  See Garza v.
Chavarria, 155 S.W.3d 252, 256 (Tex. App.—El Paso 2004, no pet.) (including
punitive damages in calculating the amount in controversy for purposes of
determining justice court’s jurisdiction).





[4]The justice court signed
the order dismissing Appellant’s claim on August 26, 2008.  The justice court’s
plenary power over Appellant’s case expired thirty days from that date, on
September 25, 2008.  See Tex. R. Civ. P. 329b(d) (“The trial court,
regardless of whether an appeal has been perfected, has plenary power to grant
a new trial or to vacate, modify, correct, or reform the judgment within thirty
days after the judgment is signed.”).  Even if Appellant had filed a motion
that could be construed to extend the justice court’s plenary power, it only
could have extended jurisdiction until December 9, 2008.  See Tex. R.
Civ. P.  329b(c) (stating that a motion for new trial or a motion to modify,
correct, or reform a judgment is overruled by operation of law seventy-five
days after the judgment was signed); L.M. Healthcare, Inc. v. Childs,
929 S.W.2d 442, 444 (Tex. 1996) (“The trial court’s plenary jurisdiction cannot
extend beyond 105 days after the trial court signs the judgment.”).  The
justice court therefore lost jurisdiction over Appellant’s case long before
Appellant filed his petition for writ of mandamus.