

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00014-CV
_____

ALLEN "F" CALTON, Appellant

V.

DEBRA SPISAK, Appellee

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-281946-15

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Allen "F" Calton, an inmate at the Stiles Unit of the Texas Department of Criminal Justice, filed an amended petition for a writ of mandamus in the 384th Judicial District Court of Tarrant County, Texas.[1] In his mandamus petition, Calton asked the trial court to compel Debra Spisak, the clerk of the Second Court of Appeals in Fort Worth, to file under cause number 02-04-00228-CR an omnibus motion to recall mandate[2] and a motion for new trial. Calton also filed a motion for a temporary restraining order and a preliminary injunction in which he requested the same relief as he sought in his mandamus petition based on the same facts.[3] The trial court found that Calton's claims were frivolous and had no basis in law or fact and dismissed his mandamus petition and injunction motion under Sections 13.001 and 14.003 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 13.001(a)(2), 14.003(a)(2), (b)(2) (West 2002). We affirm the dismissal of Calton's mandamus petition because the trial court did not have subject-matter jurisdiction.

"A district court has mandamus jurisdiction only to enforce its own jurisdiction." *Garrett v. Williams*, 250 S.W.3d 154, 159 (Tex. App.—Fort Worth 2008, orig. proceeding) (citing TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. § 24.011 (West 2004); *Martinez v. Thaler*, 931 S.W.2d

---

[1]Originally appealed to the Second Court of Appeals in Fort Worth, this case was transferred to this Court by the Texas Supreme Court pursuant to Section 73.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Second Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2]The Fort Worth Court of Appeals issued its mandate in cause number 02-04-00228-CR on February 17, 2006. *In re Calton*, No. 02-15-00280-CV, 2015 WL 5175467, at *1 (Tex. App.—Fort Worth Sept. 4, 2015, orig. proceeding) (per curiam).

[3]Since the injunction motion was based on the same facts and requested the same relief as his mandamus petition, we construe it as a supplement to the mandamus petition.

45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (per curiam)). The purpose of Calton's mandamus petition in the trial court was not to protect the trial court's jurisdiction. Further, a district court has no constitutional or statutory authority to issue a writ of mandamus to a clerk of a Court of Appeals. Therefore, the trial court did not have subject-matter jurisdiction to order the relief requested by Calton, and his petition for a writ of mandamus was properly dismissed. *See Garrett*, 250 S.W.3d at 159 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)).

We affirm the judgment of the trial court.


Ralph K. Burgess
Justice

Date Submitted:     May 11, 2016
Date Decided:       July 13, 2016

3