**NELL NATIONS FORIST, Appellant,**

v.

**VANGUARD UNDERWRITERS INSURANCE CO.,**
**Appellee.**

No. 04–03–00736–CV.

Court of Appeals of Texas,
San Antonio.

April 14, 2004.

Rehearing Overruled June 10, 2004.

Dain A. Dreyer, Heygood, Orr & Reyes, L.L.P., San Antonio, for appellant.

Robert F. Scheihing, Adami, Goldman & Shuffield, Inc., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by: SANDEE BRYAN MARION, Justice.

Appellant, Nell Forist, appeals the trial court's dismissal of her case with prejudice. We affirm.

### BACKGROUND

In 1995, Forist sued appellee, Vanguard Underwriters Insurance Company ("Vanguard"), for insurance benefits under her homeowner's insurance policy. Although Forist prevailed in the trial court, this court reversed the trial court's judgment and rendered judgment in favor of Vanguard. *See Vanguard Underwriters Ins. Co. v. Forist,* No. 04-97-00806-CV, 1999 WL 498200 (Tex.App.-San Antonio 1999, pet. denied) (not designated for publication). This court subsequently denied Forist's motion for rehearing. The Texas Supreme Court denied Forist's petition for review as well as her subsequent motion for rehearing. On October 4, 2002, after exhausting all of her appellate remedies, Forist, acting pro se, filed a pleading she entitled "bill of review" with this court, which we dismissed for want of jurisdiction. Subsequent to our dismissal, Forist, still acting pro se, filed the same "bill of review" with the trial court.

In response to Forist's pleading, Vanguard filed a Motion to Declare Appellant a Vexatious Litigant pursuant to section 11.054 of the Texas Civil Practice and Remedies Code. It argued Forist was attempting to relitigate the merits of the 1995 case that went to final judgment. After hearing arguments from both parties, the trial court found Forist a vexatious litigant and ordered her to post security of $3,500 or have her case dismissed with prejudice. When Forist failed to post security within the trial court's prescribed time period, Vanguard moved to have the trial court dismiss her case. At a subsequent hearing, the trial court dismissed Forist's suit with prejudice.

### VEXATIOUS LITIGANT

In her single issue on appeal, Forist contends the trial court erred in its determination that she is a vexatious litigant. The trial court may find a plaintiff a vexatious litigant if:

the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that: ... (2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, in propria persona, either: (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined.

TEX. CIV. PRAC. & REM.CODE ANN. § 11.054(2) (Vernon 2002).

A court shall order the plaintiff to furnish security for the benefit of the moving defendant if the court, after hearing the evidence on the motion, determines that the plaintiff is a vexatious litigant. *Id.* at § 11.055. The court shall dismiss the litigation as to a moving defendant if a plaintiff ordered to furnish security does not furnish the security within the time set by the order. *Id.* at § 11.056.

■ We note that no other Texas court has addressed the appropriate standard of review under this chapter. However, courts have applied an abuse of discretion standard for frivolous lawsuits under section 13.001, an analogous chapter in the Civil Practice and Remedies Code. *See Thompson v. West,* 804 S.W.2d 575, 576 (Tex.App.-Houston[14th Dist.] 1991, writ denied), *citing, Johnson v. Lynaugh,* 766 S.W.2d 393, 394–95 (Tex.App.-Tyler 1989), *writ denied per curiam,* 796 S.W.2d 705 (Tex.1990) (adopting and applying an abuse of discretion standard under section 13.001 of the Texas Civil Practice and Remedies Code); *see also* W. Wendell Hall, *Standards of Review in Texas,* 34 ST. MARY's L.J. 1, 81 (2002). Accordingly, we conclude the rationale for adopting an abuse of discretion standard under chapter thirteen is analogous to the concerns under chapter eleven. Therefore we will adopt and apply an abuse of discretion standard.

■ On appeal, Forist asserts the trial court failed to account for the words "repeatedly" and "relitigate" in section 11.054(2). Forist urges this court to read the statutory provision to require a plaintiff to initiate at least three litigations against the same defendant before the trial court may find her a vexatious litigant. She argues that the phrases "repeatedly relitigate" or "repeatedly attempts to relitigate" support her interpretation that the statutory provision requires at least three separate litigations. Forist contends she did not meet the criteria of a vexatious litigant because she has only initiated two actions against Vanguard; her first attempted litigation commenced with the original suit in 1995, which the Texas Supreme Court finally disposed of in 2000, and the second attempted litigation commenced when she filed her pleadings with the trial court in 2002.

■ Forist's argument, for which she cites no authority, ignores the plain language of the statute, which the legislature phrased in the disjunctive. Section 11.054 allows a trial court to find a litigant vexatious if she *either* "repeatedly relitigates" or "attempts to relitigate" a matter that has been finally determined against her. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 11.054(2). The language of the statute does not require the trial court to find that a litigant "repeatedly attempts to relitigate."

The trial court had before it the pleadings Forist filed with the trial court and this court's 1999 opinion and judgment, which became final when the Texas Supreme Court denied Forist's requested review of her claims. We conclude that the trial court could have determined that, by her second suit, Forist was attempting to relitigate "the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant." By doing so, she satisfied one of the permissible statutory criteria of a vexatious litigant. Therefore, the trial court did not err when it found Forist to be a vexatious litigant and ordered her to post security, which she failed to do. Because the trial court must dismiss a vexatious litigant's suit if she fails to post the required security within the prescribed period of time, we

conclude the trial court did not err when it dismissed Forist's suit with prejudice. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 11.056.

### CONCLUSION

We overrule appellant's issue on appeal and affirm the trial court's judgment.