COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-443-CV

 

 

MICHAEL LOU GARRETT                                                      APPELLANT

 

                                                   V.

 

BARRY L. MACHA                                                                  APPELLEE

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
Michael Lou Garrett appeals from the trial court=s
dismissal with prejudice of his claims against Appellee Barry L. Macha.  Garrett brings three issues alleging error in
the trial court=s actions with respect to his
motion to recuse, Macha=s motion to declare Garrett a
vexatious litigant, and the court=s
dismissal of Garrett=s claims with prejudice.  Because we hold that Garrett did not meet his
burden on his motion to recuse, that the trial court did not err by declaring
him a vexatious litigant, and that some of his arguments are inadequately
briefed, we affirm the trial court=s
judgment.

I. 
Background

Garrett
is an inmate currently incarcerated in the Texas Department of Criminal
Justice.  Macha is the district attorney
for Wichita County.  In September 2009,
after Macha had declined to bring criminal charges of conspiracy and attempted
murder against a doctor working at the prison, Garrett filed a Apetition
for removal@ against Macha, seeking Macha=s
removal from office.  Garrett alleged
that Macha had committed acts of official misconduct and neglect of duty under
articles 2.03 and 3.04 of the code of criminal procedure[2]
and acts of official oppression in violation of penal code section 39.03.[3]








Macha
answered, alleging among other things that Garrett=s suit
was Awholly
frivolous or malicious and fail[ed] to state any legal or factual claims upon
which relief can be granted under any statutory or constitutional theory.@  With Macha=s
answer, he included a motion to dismiss on the ground that Garrett had
knowingly filed a false declaration of his litigation history.  Macha asserted that Garrett was required to
file a declaration identifying any other suit that he had previously brought
pro se; stating the operative facts for which relief was sought; listing the
case name, number, and court in which the suit was brought; identifying each
party named in the suit; and stating the result of the suit.[4]  Macha stated that Garrett was aware of this
requirement and yet included with his petition an affidavit that does not set
out his litigation history.

To
demonstrate Garrett=s awareness of the declaration
requirement, Macha attached a copy of this court=s
opinion in Garrett v. Trapp[5]
in which this court upheld a trial court=s
dismissal of Garrett=s claims against another
defendant for failure to comply with the declaration requirement.  We noted that Garrett had acknowledged in his
petition that he was required to file an affidavit relating to previously filed
lawsuits, that Garrett had failed to identify and describe numerous cause
numbers, and that the trial court could have therefore dismissed Garrett=s pro se
suit on the ground that he had filed an affidavit that he knew was false.[6]








Garrett
then filed a motion to recuse Judge Robert P. Brotherton, the trial judge
assigned to the cause.  Garrett alleged
that Judge Brotherton had been the trial judge in Trapp and that Judge
Brotherton had personal bias and prejudice against Garrett because he had
dismissed Garrett=s claims in that case.  Garrett asserted that Judge Brotherton, Awhile
determining the merits of [Macha=s]
Motion to Dismiss [Garrett=s]
petition, will be considering >evidence= in
support of the Motion, of which he himself had personal involvement of creating
and now being used by [Macha] to support his Motion.@

Judge
Brotherton declined to voluntarily recuse himself and referred Garrett=s motion
to Judge Jeff Walker, the regional administrative judge.  Judge Walker held a hearing, at which Garrett
was present, on October 28, 2009.  At the
conclusion of the hearing, Judge Walker stated that he was going to deny the
motion to recuse.  Judge Walker did not,
however, enter the order denying the motion until almost a month later, on
November 25, 2009.








On
November 4, 2009, Macha filed a motion to declare Garrett a vexatious litigant
under civil practice and remedies code section 11.051.[7]  In the motion, he also asked the court to
deem Garrett=s suit Afrivolous
and brought for the purposes of abusing . . . judicial resources@ under
government code section 498.0045 in order to authorize the department of
criminal justice to forfeit Garret=s good
conduct time.[8]

On
November 16, 2009, Garrett filed a motion for voluntary dismissal of his claims
against Macha.  Three days later, Garrett
filed a response to Macha=s motion to declare him a
vexatious litigant, opposing the motion Ain the
event that@ the trial court had not ruled
on Garrett=s motion to dismiss or that
Macha had opposed the motion.  On
November 25, 2009, Judge Roger Towery held a hearing on Macha=s motion
to declare Garrett a vexatious litigant. 
Garrett was not present at the hearing. 
Macha did not introduce any evidence at the hearing; rather, he relied
on evidence that he had submitted to the court with his motion.  At the conclusion of the hearing, Judge
Towery entered an order declaring Garrett to be a vexatious litigant and an
order dismissing Garrett=s claims against Macha with
prejudice.

                                            II.  Analysis

Garrett=s Motion
to Recuse the Trial Court








In his
first issue, Garrett argues that Judge Walker erred by finding that he had
failed to show by a preponderance of the evidence that Judge Brotherton should
be recused from the case.  Garrett argues
that he demonstrated that Judge Brotherton had an interest in the subject
matter, that his impartiality might be reasonably questioned, and that he had
personal knowledge of disputed evidentiary facts.[9]  To support his motion, Garrett relied on the
fact that Judge Brotherton had previously dismissed one of Garrett=s pro se
lawsuits for noncompliance with section 14.004. 
Thus, Garrett argued, Judge Brotherton would be Aexamining
>evidence= >of his
own making,=@ and in
order to rule in Garrett=s favor in this case, the judge Awould
have to >contradict= his own
findings in his dismissal@ of Garrett=s
previous case.








Appellant
cites to no case to support his proposition that a trial court=s ruling
in a prior, unrelated case would, by itself, demonstrate that the court=s
impartiality in a pending case might be reasonably questioned, that such a
ruling demonstrates personal knowledge of disputed evidentiary facts at issue
in the current pending case, or that the court has an interest in the subject
matter.[10]  Furthermore, the evidence relied on by
GarrettCJudge
Brotherton=s prior rulingCdoes not
establish the need for Judge Brotherton=s
recusal by a preponderance of the evidence. 
The standard for recusal on an assertion of bias or impartiality is
whether a reasonable person in the community would believe that the judge=s
recusal is required[11]  We reject the argument that a reasonable
person would doubt that a judge could be fair and impartial in a case involving
the dismissal of a claim for failure to comply with procedural rules merely
because that judge had previously dismissed a claim brought by the same
plaintiff on the same ground.[12]  And for a trial judge to be disqualified
based on an Ainterest@ in the
subject matter, the judge must have a direct pecuniary or property interest in
the subject matter of the litigation.[13]  No evidence shows that Judge Brotherton has
any pecuniary or property interest in Macha=s
removal from office.  We overrule Garrett=s first
issue.

Vexatious Litigant Declaration








In
Garrett=s second
issue, he argues that the trial court erred at the hearing on Macha=s motion
to declare him a vexatious litigant by allowing Macha to argue his motion,
precluding Garrett from being present at the hearing, not allowing Garrett to
argue his written opposition to the motion, and refusing to consider Garrett=s
written opposition at the hearing.  He
also argues that the trial court abused its discretion by granting Macha=s motion
to declare him a vexatious litigant and by imposing sanctions against him.[14]








In
support of this issue, Garrett first argues that the evidence offered by Macha
in support of his motion to have Garrett declared a vexatious litigant does not
show that, in the seven-year period preceding the date of the motion, Garrett
had commenced, prosecuted, or maintained at least five pro se suits that had
been finally determined adversely to him or determined to be frivolous or
groundless.[15]  He contends that the cases introduced by
Macha were not cases decided adversely to him and that, for the most part, they
were cases that were dismissed only because he could not pay a filing fee.  We disagree. 
Macha attached evidence demonstrating that Garrett is a prolific filer
of pro se actions in both federal and state court.  Only one of the trial court orders included
by Macha was a dismissal of Garrett=s claim
for failure to pay a filing fee.  Macha
included evidence of other suits filed by Garrett, including five previous
litigations commenced, prosecuted, or maintained by him pro se in the seven
years before commencing this actionCthree in
federal court and two in state courtCthat
were either determined to be without merit or dismissed with prejudice under
chapter 14.  Thus, Macha met his burden
under section 11.054(1)(A).[16]  The trial court therefore did not abuse its
discretion by declaring Garrett to be a vexatious litigant based on Macha=s
evidence.

Garrett
next argues that because the trial court held an evidentiary hearing on Macha=s motion
and because Macha was present at the hearing, Garrett had Aan
absolute right to be present as well.@  He further contends that because he was
threatened with sanctions, he was entitled to receive specific notice of the
conduct alleged to be actionable and the standard by which his conduct would be
assessed and to have an opportunity to be heard.








A trial
court must hold a hearing on a motion to declare that a plaintiff is a
vexatious litigant.[17]  At that hearing, the trial court may consider
evidence, either written or oral, including evidence presented by witness or
affidavit.[18]  But an inmate does not have an absolute right
to appear in court in a civil case.[19]  If an inmate requests to be present at a
hearing, the trial court considers several factors in balancing preservation of
the correctional system=s integrity against the prisoner=s right
of access.[20]  An inmate requesting a bench warrant has the
burden to justify the need for his presence in a civil action, and the trial
court is not required to independently inquire into the necessity of the inmate=s
appearance.[21]

Nothing
in the record in this case shows that Garrett requested to be present at the
hearing (or that he requested to proceed by any other means, such as by
affidavit, deposition, or telephone), let alone met his burden to justify the
need for his presence.  Accordingly, the
trial court did not abuse its discretion by not arranging for Garrett=s
presence at the hearing.








Garrett
also contends that the trial court violated the law and judicial canons because
the hearing constituted an ex parte communication between Macha and the trial
court and because Garrett was not allowed to be present.  As we stated above, an inmate has no absolute
right to be present in a civil action, and a trial court generally may hold a
hearing without the presence of the inmate unless the inmate has established
the necessity of his appearance.[22]  Accordingly, we hold that because Garrett did
not establish the necessity of his appearance, the trial court did not violate
the law or judicial canons by holding the hearing without him. 

Garrett
further argues that he had an absolute right to have his response to Macha=s motion
considered by the trial court but that his response was not mentioned at the
hearing, which shows that it was not considered by the trial court.  At the start of the hearing, the trial court
stated that it would take judicial notice of the contents of its file.  The record shows that Garrett=s
response opposing Macha=s motion was on file with the
trial court at the time of the hearing. 
We reject Garrett=s argument that the trial court=s
failure to mention Garrett=s
response demonstrates that the trial court did not consider it.








Garrett
also argues that because Macha sought sanctions against him, he had a right to
(1) receive specific notice of the conduct alleged to be actionable and the
standard by which his conduct would be assessed and (2) an opportunity to be
heard.  By Asanctions,@ we
assume Garrett refers to Macha=s asking
the trial court to deem Garrett=s action
frivolous for purposes of authorizing the department of criminal justice to
forfeit Garrett=s good conduct time under
section 498.0045 of the government code.[23]  Garrett did not raise any due process
arguments in the trial court with respect to the loss of his good conduct time.

With
respect to Garrett=s argument that he had to be
given an opportunity to be heard, nothing in section 498.0045 or in the rules
of civil procedure require the trial court to hold an actual hearing before
deeming an action as frivolous under that section.  Garrett cites to two federal cases in support
of his argument, both of which hold that for sanctions available under federal
law, the party being sanctioned must be given an opportunity to respond, but
neither holds that an actual hearing is required.[24]  One case notes that for rule 11 sanctions, an
actual hearing is not required.[25]  Thus, we construe Garrett=s
argument as an argument that the trial court was required to consider his
response to Macha=s motion.  As discussed above, the record indicates that
the trial court did consider Garrett=s
response.  








As for
Garrett=s
argument respecting notice of the conduct complained of and the standard by
which his conduct would be judged, he received adequate notice.  Macha had asked the trial court to declare
Garrett=s action
to be frivolous, and he included an argument that there was no reasonable
probability that Garrett would prevail and explained in what manner Garrett had
failed to comply with chapter fourteen of the civil practice and remedies
code.  Macha=s motion
thus gave Garrett notice of the conduct alleged against him and the standard by
which his conduct would be assessed. 
Accordingly, we overrule Garrett=s second
issue.

Dismissal of Garrett=s Claims
With Prejudice

In
Garrett=s third
issue, he argues that the trial court abused its discretion by dismissing his
claims with prejudice and erred by allowing Macha to argue for dismissal with
prejudice after denying Garrett=s motion
for voluntary dismissal, by precluding Garrett from being at the hearing, and
by not allowing Garrett to argue against dismissal with prejudice.








Garrett
first argues that his petition for removal was a criminal petition, not a Asuit,@ and,
therefore, his petition for removal was not subject to chapter fourteen.  We have previously addressed this question in
a similar context.[26]  Chapter fourteen of the civil practice and
remedies code applies to a suit brought by an inmate who has filed an affidavit
or declaration of inability to pay costs.[27]  A Asuit@ is A>any
proceeding by a party or parties against another in a court of law.=@[28]  And contrary to Garrett=s contention
that his action was criminal in nature, he filed a petition for Macha=s
removal under section 87.015 of the local government code, which is a civil
proceeding, not a criminal one.[29]  We reject Garrett=s
argument that his petition was not a Asuit@ and was
not subject to chapter fourteen.[30]








Garrett
next argues that the trial court abused its discretion by allowing Macha to
argue his motion to dismiss with prejudice after denying Garrett=s own
motion to dismiss his claims without prejudice. 
A plaintiff has an absolute right to take a nonsuit so long as the
defendant has not made a claim for affirmative relief.[31]  But even after a nonsuit, a trial court
retains jurisdiction to enter a final judgment, and a trial court may consider
collateral motions while it retains plenary power, even if they are filed after
a nonsuit.[32]  The Supreme Court of Texas has held, for
example, that a trial court may rule on a rule 13 motion for sanctions after a
nonsuit is filed and that to hold otherwise would frustrate the policy behind
civil procedure rule 13 by allowing a party to escape sanctions by nonsuiting
the aggrieved party.[33]  Garrett makes no argument to support his
complaint that the trial court erred by dismissing his claims with prejudice,
and he makes no argument as to why the court could not rule on Macha=s
pending motions despite the nonsuit.  Nor
does Garrett cite any authority in support of such arguments.  Accordingly, we hold that these arguments are
inadequately briefed.[34]








Garrett
also contends that his petition had merit, but he makes no argument and cites
no authority in support of this contention. 
Thus, we also overrule this argument as inadequately briefed.[35]  We overrule Garrett=s third
issue.

III. 
Conclusion

Having
overruled Garrett=s three issues, we affirm the
trial court=s judgment.

 

PER CURIAM

 

PANEL: DAUPHINOT, J.; LIVINGSTON, C.J.;
and GARDNER, J.

 

DELIVERED: 
August 31, 2010

 











[1]See Tex. R. App. P. 47.4.





[2]Tex. Code Crim. Proc.
Ann. arts. 2.03, 3.04 (Vernon 2005).





[3]Tex. Penal Code Ann. ' 39.03 (Vernon 2003).





[4]See Tex. Civ. Prac. &
Rem. Code Ann. ' 14.004 (Vernon 2002)
(requiring an inmate proceeding pro se to file an affidavit or declaration
relating to the inmate=s previous pro se
filings).





[5]No. 02-08-00186-CV, 2008
WL 5115227, at *4 (Tex. App.CFort Worth Dec. 4, 2008, no pet.) (mem. op.).





[6]Id. at *3.





[7]Tex. Civ. Prac. &
Rem. Code Ann. ' 11.051 (Vernon 2002).





[8]Tex. Gov=t Code Ann. ' 498.0045 (Vernon Supp.
2009).





[9]See Tex. R. Civ. P.
18b(1)(b), 18b(2)(a), and 18b(2)(b).





[10]See Tex. R. App. P. 38.1(i)
(stating that an appellant=s issues must be supported by argument with
citations to authority).





[11]Kirby v. Chapman, 917 S.W.2d 902, 909
(Tex. App.CFort Worth 1996, no
writ).





[12]See id. (noting that a
reasonable person Amust be aware of the >facts of life= that surround the
judiciary@).





[13]Gulf Maritime Warehouse
Co. v. Towers, 858 S.W.2d 556, 558 (Tex. App.CBeaumont 1993, writ denied).  





[14]See Nell Nations Forist
v. Vanguard Underwriters Ins. Co., 141 S.W.3d 668, 670 (Tex. App.CSan Antonio 2004, no
pet.) (applying, as a matter of first impression, an abuse of discretion
standard to a trial court=s determination under
section 11.054 of the civil practice and remedies code).





[15]See Tex. Civ. Prac. &
Rem. Code Ann. ' 11.054 (Vernon 2002).





[16]See id. ' 11.054(1)(A).





[17]Id. ' 11.053 (Vernon 2002).





[18]Id.





[19]In re Z.L.T., 124 S.W.3d 163, 165
(Tex. 2003); see also Ford v. Clendennen, No. 09-04-00257-CV,
2004 WL 2964953, at *1B2 (Tex. App.CBeaumont Dec. 16, 2004,
no pet.) (mem. op.) (holding that an inmate does not have an absolute right to
appear at a hearing on a motion to declare him a vexatious litigant).





[20]Z.L.T., 124 S.W.3d at 165.





[21]Id. at 166.





[22]See id. at 165B66.





[23]See Tex. Gov=t Code Ann. ' 498.0045.





[24]See Merriman v. Sec. Ins.
Co. of Hartford, 100 F.3d 1187, 1191 (5th Cir. 1996) (discussing sanctions under
rule 11 of the federal rules of civil procedure); Baulch v. Johns, 70
F.3d 813, 817 (5th Cir. 1995) (discussing sanctions under 28 U.S.C. ' 1927).





[25]Merriman, 100 F.3d at 1192.





[26]See Garrett v. Williams, 250 S.W.3d 154,
158 (Tex. App.CFort Worth 2008, no pet.)
(addressing and rejecting Garrett=s claim that his petition for writ of mandamus
was not a Asuit@ for purposes of chapter
fourteen).





[27]Tex. Civ. Prac. &
Rem. Code Ann. ' 14.002 (Vernon 2002).





[28]Garrett, 250 S.W.3d at
158 (quoting Black=s Law Dictionary 1475
(8th ed. 2004)).





[29]See Tex. Loc. Gov=t Code Ann. ' 87.015 (Vernon 2008); In
re Bazan, 251 S.W.3d 39, 42 (Tex. 2008) (noting that proceedings for
removal under subchapter B of chapter eighty-seven, which includes section
87.015, are civil proceedings); State ex rel. Dishman v. Gary, 163 Tex.
565, 359 S.W.2d 456, 458 (1962) (noting that in an ouster suit (under former
statute), A[e]xcept where otherwise
provided by statute, the rules of practice governing other civil cases control@).





[30]See also Garrett, 250 S.W.3d at 158.





[31]Tex. R. Civ. P. 162; BHP
Petroleum Co. Inc. v. Millard, 800 S.W.2d 838, 840B41 (Tex. 1990).  





[32]Travelers Ins. Co. v.
Joachim,
No. 08-0941, 2010 WL 1933022, at *2 (Tex. May 14, 2010); Scott & White
Mem=l Hosp. v. Schexnider, 940 S.W.2d 594, 596
(Tex. 1996).





[33]Scott & White, 940 S.W.2d at 596B97; cf. Villafani v.
Trejo, 251 S.W.3d 466, 470 (Tex. 2008) (stating that a nonsuit would
obviate the need for the discovery sanction of excluding a witness because the
purpose of that sanction was to protect the integrity of the proceeding, not to
punish a party).





[34]See Tex. R. App. P. 38.1(i).





[35]See id.