

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-443-CV

MICHAEL LOU GARRETT                                          APPELLANT

V.

BARRY L. MACHA                                                APPELLEE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Michael Lou Garrett appeals from the trial court's dismissal with prejudice of his claims against Appellee Barry L. Macha. Garrett brings three issues alleging error in the trial court's actions with respect to his motion to recuse, Macha's motion to declare Garrett a vexatious litigant, and the court's dismissal of Garrett's claims with prejudice. Because we hold that Garrett did

---

[1] See Tex. R. App. P. 47.4.

not meet his burden on his motion to recuse, that the trial court did not err by declaring him a vexatious litigant, and that some of his arguments are inadequately briefed, we affirm the trial court's judgment.

## I. Background

Garrett is an inmate currently incarcerated in the Texas Department of Criminal Justice. Macha is the district attorney for Wichita County. In September 2009, after Macha had declined to bring criminal charges of conspiracy and attempted murder against a doctor working at the prison, Garrett filed a "petition for removal" against Macha, seeking Macha's removal from office. Garrett alleged that Macha had committed acts of official misconduct and neglect of duty under articles 2.03 and 3.04 of the code of criminal procedure[2] and acts of official oppression in violation of penal code section 39.03.[3]

Macha answered, alleging among other things that Garrett's suit was "wholly frivolous or malicious and fail[ed] to state any legal or factual claims upon which relief can be granted under any statutory or constitutional theory." With Macha's answer, he included a motion to dismiss on the ground that Garrett had knowingly filed a false declaration of his litigation history. Macha

---

[2]Tex. Code Crim. Proc. Ann. arts. 2.03, 3.04 (Vernon 2005).

[3]Tex. Penal Code Ann. § 39.03 (Vernon 2003).

asserted that Garrett was required to file a declaration identifying any other suit that he had previously brought pro se; stating the operative facts for which relief was sought; listing the case name, number, and court in which the suit was brought; identifying each party named in the suit; and stating the result of the suit.[4]  Macha stated that Garrett was aware of this requirement and yet included with his petition an affidavit that does not set out his litigation history.

To demonstrate Garrett's awareness of the declaration requirement, Macha attached a copy of this court's opinion in *Garrett v. Trapp*[5] in which this court upheld a trial court's dismissal of Garrett's claims against another defendant for failure to comply with the declaration requirement.  We noted that Garrett had acknowledged in his petition that he was required to file an affidavit relating to previously filed lawsuits, that Garrett had failed to identify and describe numerous cause numbers, and that the trial court could have therefore dismissed Garrett's pro se suit on the ground that he had filed an affidavit that he knew was false.[6]

---

[4]*See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (Vernon 2002) (requiring an inmate proceeding pro se to file an affidavit or declaration relating to the inmate's previous pro se filings).

[5]No. 02-08-00186-CV, 2008 WL 5115227, at *4 (Tex. App.—Fort Worth Dec. 4, 2008, no pet.) (mem. op.).

[6]*Id.* at *3.

Garrett then filed a motion to recuse Judge Robert P. Brotherton, the trial judge assigned to the cause. Garrett alleged that Judge Brotherton had been the trial judge in *Trapp* and that Judge Brotherton had personal bias and prejudice against Garrett because he had dismissed Garrett's claims in that case. Garrett asserted that Judge Brotherton, "while determining the merits of [Macha's] Motion to Dismiss [Garrett's] petition, will be considering 'evidence' in support of the Motion, of which he himself had personal involvement of creating and now being used by [Macha] to support his Motion."

Judge Brotherton declined to voluntarily recuse himself and referred Garrett's motion to Judge Jeff Walker, the regional administrative judge. Judge Walker held a hearing, at which Garrett was present, on October 28, 2009. At the conclusion of the hearing, Judge Walker stated that he was going to deny the motion to recuse. Judge Walker did not, however, enter the order denying the motion until almost a month later, on November 25, 2009.

On November 4, 2009, Macha filed a motion to declare Garrett a vexatious litigant under civil practice and remedies code section 11.051.[7] In the motion, he also asked the court to deem Garrett's suit "frivolous and brought for the purposes of abusing . . . judicial resources" under government

---

[7]Tex. Civ. Prac. & Rem. Code Ann. § 11.051 (Vernon 2002).

4

code section 498.0045 in order to authorize the department of criminal justice to forfeit Garret's good conduct time.[8]

On November 16, 2009, Garrett filed a motion for voluntary dismissal of his claims against Macha. Three days later, Garrett filed a response to Macha's motion to declare him a vexatious litigant, opposing the motion "in the event that" the trial court had not ruled on Garrett's motion to dismiss or that Macha had opposed the motion. On November 25, 2009, Judge Roger Towery held a hearing on Macha's motion to declare Garrett a vexatious litigant. Garrett was not present at the hearing. Macha did not introduce any evidence at the hearing; rather, he relied on evidence that he had submitted to the court with his motion. At the conclusion of the hearing, Judge Towery entered an order declaring Garrett to be a vexatious litigant and an order dismissing Garrett's claims against Macha with prejudice.

## II. Analysis

*Garrett's Motion to Recuse the Trial Court*

In his first issue, Garrett argues that Judge Walker erred by finding that he had failed to show by a preponderance of the evidence that Judge Brotherton should be recused from the case. Garrett argues that he

---

[8]Tex. Gov't Code Ann. § 498.0045 (Vernon Supp. 2009).

5

demonstrated that Judge Brotherton had an interest in the subject matter, that his impartiality might be reasonably questioned, and that he had personal knowledge of disputed evidentiary facts.[9]  To support his motion, Garrett relied on the fact that Judge Brotherton had previously dismissed one of Garrett's pro se lawsuits for noncompliance with section 14.004.  Thus, Garrett argued, Judge Brotherton would be "examining 'evidence' 'of his own making,'" and in order to rule in Garrett's favor in this case, the judge "would have to 'contradict' his own findings in his dismissal" of Garrett's previous case.

Appellant cites to no case to support his proposition that a trial court's ruling in a prior, unrelated case would, by itself, demonstrate that the court's impartiality in a pending case might be reasonably questioned, that such a ruling demonstrates personal knowledge of disputed evidentiary facts at issue in the current pending case, or that the court has an interest in the subject matter.[10] Furthermore, the evidence relied on by Garrett—Judge Brotherton's prior ruling—does not establish the need for Judge Brotherton's recusal by a preponderance of the evidence.  The standard for recusal on an assertion of bias or impartiality is whether a reasonable person in the community would

---

[9]See Tex. R. Civ. P. 18b(1)(b), 18b(2)(a), and 18b(2)(b).

[10]See Tex. R. App. P. 38.1(i) (stating that an appellant's issues must be supported by argument with citations to authority).

believe that the judge's recusal is required[11]  We reject the argument that a reasonable person would doubt that a judge could be fair and impartial in a case involving the dismissal of a claim for failure to comply with procedural rules merely because that judge had previously dismissed a claim brought by the same plaintiff on the same ground.[12]  And for a trial judge to be disqualified based on an "interest" in the subject matter, the judge must have a direct pecuniary or property interest in the subject matter of the litigation.[13]  No evidence shows that Judge Brotherton has any pecuniary or property interest in Macha's removal from office.  We overrule Garrett's first issue.

*Vexatious Litigant Declaration*

In Garrett's second issue, he argues that the trial court erred at the hearing on Macha's motion to declare him a vexatious litigant by allowing Macha to argue his motion, precluding Garrett from being present at the hearing, not allowing Garrett to argue his written opposition to the motion, and refusing to consider Garrett's written opposition at the hearing.  He also argues

---

[11]*Kirby v. Chapman*, 917 S.W.2d 902, 909 (Tex. App.—Fort Worth 1996, no writ).

[12]*See id.* (noting that a reasonable person "must be aware of the 'facts of life' that surround the judiciary").

[13]*Gulf Maritime Warehouse Co. v. Towers*, 858 S.W.2d 556, 558 (Tex. App.—Beaumont 1993, writ denied).

that the trial court abused its discretion by granting Macha's motion to declare him a vexatious litigant and by imposing sanctions against him.[14]

In support of this issue, Garrett first argues that the evidence offered by Macha in support of his motion to have Garrett declared a vexatious litigant does not show that, in the seven-year period preceding the date of the motion, Garrett had commenced, prosecuted, or maintained at least five pro se suits that had been finally determined adversely to him or determined to be frivolous or groundless.[15]  He contends that the cases introduced by Macha were not cases decided adversely to him and that, for the most part, they were cases that were dismissed only because he could not pay a filing fee.  We disagree. Macha attached evidence demonstrating that Garrett is a prolific filer of pro se actions in both federal and state court.  Only one of the trial court orders included by Macha was a dismissal of Garrett's claim for failure to pay a filing fee.  Macha included evidence of other suits filed by Garrett, including five previous litigations commenced, prosecuted, or maintained by him pro se in the seven years before commencing this action—three in federal court and two in

_____

[14] *See Nell Nations Forist v. Vanguard Underwriters Ins. Co.*, 141 S.W.3d 668, 670 (Tex. App.—San Antonio 2004, no pet.) (applying, as a matter of first impression, an abuse of discretion standard to a trial court's determination under section 11.054 of the civil practice and remedies code).

[15] *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054 (Vernon 2002).

8

state court—that were either determined to be without merit or dismissed with prejudice under chapter 14. Thus, Macha met his burden under section 11.054(1)(A).[16] The trial court therefore did not abuse its discretion by declaring Garrett to be a vexatious litigant based on Macha's evidence.

Garrett next argues that because the trial court held an evidentiary hearing on Macha's motion and because Macha was present at the hearing, Garrett had "an absolute right to be present as well." He further contends that because he was threatened with sanctions, he was entitled to receive specific notice of the conduct alleged to be actionable and the standard by which his conduct would be assessed and to have an opportunity to be heard.

A trial court must hold a hearing on a motion to declare that a plaintiff is a vexatious litigant.[17] At that hearing, the trial court may consider evidence, either written or oral, including evidence presented by witness or affidavit.[18] But an inmate does not have an absolute right to appear in court in a civil case.[19] If an inmate requests to be present at a hearing, the trial court

---

[16] *See id.* § 11.054(1)(A).

[17] *Id.* § 11.053 (Vernon 2002).

[18] *Id.*

[19] *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003); *see also Ford v. Clendennen*, No. 09-04-00257-CV, 2004 WL 2964953, at *1–2 (Tex. App.—Beaumont Dec. 16, 2004, no pet.) (mem. op.) (holding that an inmate

9

considers several factors in balancing preservation of the correctional system's integrity against the prisoner's right of access.[20] An inmate requesting a bench warrant has the burden to justify the need for his presence in a civil action, and the trial court is not required to independently inquire into the necessity of the inmate's appearance.[21]

Nothing in the record in this case shows that Garrett requested to be present at the hearing (or that he requested to proceed by any other means, such as by affidavit, deposition, or telephone), let alone met his burden to justify the need for his presence. Accordingly, the trial court did not abuse its discretion by not arranging for Garrett's presence at the hearing.

Garrett also contends that the trial court violated the law and judicial canons because the hearing constituted an ex parte communication between Macha and the trial court and because Garrett was not allowed to be present. As we stated above, an inmate has no absolute right to be present in a civil action, and a trial court generally may hold a hearing without the presence of

does not have an absolute right to appear at a hearing on a motion to declare him a vexatious litigant).

[20] *Z.L.T.*, 124 S.W.3d at 165.

[21] *Id.* at 166.

the inmate unless the inmate has established the necessity of his appearance.[22] Accordingly, we hold that because Garrett did not establish the necessity of his appearance, the trial court did not violate the law or judicial canons by holding the hearing without him.

Garrett further argues that he had an absolute right to have his response to Macha's motion considered by the trial court but that his response was not mentioned at the hearing, which shows that it was not considered by the trial court. At the start of the hearing, the trial court stated that it would take judicial notice of the contents of its file. The record shows that Garrett's response opposing Macha's motion was on file with the trial court at the time of the hearing. We reject Garrett's argument that the trial court's failure to mention Garrett's response demonstrates that the trial court did not consider it.

Garrett also argues that because Macha sought sanctions against him, he had a right to (1) receive specific notice of the conduct alleged to be actionable and the standard by which his conduct would be assessed and (2) an opportunity to be heard. By "sanctions," we assume Garrett refers to Macha's asking the trial court to deem Garrett's action frivolous for purposes of

---

[22] *See id.* at 165–66.

authorizing the department of criminal justice to forfeit Garrett's good conduct time under section 498.0045 of the government code.[23] Garrett did not raise any due process arguments in the trial court with respect to the loss of his good conduct time.

With respect to Garrett's argument that he had to be given an opportunity to be heard, nothing in section 498.0045 or in the rules of civil procedure require the trial court to hold an actual hearing before deeming an action as frivolous under that section. Garrett cites to two federal cases in support of his argument, both of which hold that for sanctions available under federal law, the party being sanctioned must be given an opportunity to respond, but neither holds that an actual hearing is required.[24] One case notes that for rule 11 sanctions, an actual hearing is not required.[25] Thus, we construe Garrett's argument as an argument that the trial court was required to consider his response to Macha's motion. As discussed above, the record indicates that the trial court did consider Garrett's response.

---

[23] *See* Tex. Gov't Code Ann. § 498.0045.

[24] *See Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1191 (5th Cir. 1996) (discussing sanctions under rule 11 of the federal rules of civil procedure); *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995) (discussing sanctions under 28 U.S.C. § 1927).

[25] *Merriman*, 100 F.3d at 1192.

As for Garrett's argument respecting notice of the conduct complained of and the standard by which his conduct would be judged, he received adequate notice. Macha had asked the trial court to declare Garrett's action to be frivolous, and he included an argument that there was no reasonable probability that Garrett would prevail and explained in what manner Garrett had failed to comply with chapter fourteen of the civil practice and remedies code. Macha's motion thus gave Garrett notice of the conduct alleged against him and the standard by which his conduct would be assessed. Accordingly, we overrule Garrett's second issue.

*Dismissal of Garrett's Claims With Prejudice*

In Garrett's third issue, he argues that the trial court abused its discretion by dismissing his claims with prejudice and erred by allowing Macha to argue for dismissal with prejudice after denying Garrett's motion for voluntary dismissal, by precluding Garrett from being at the hearing, and by not allowing Garrett to argue against dismissal with prejudice.

Garrett first argues that his petition for removal was a criminal petition, not a "suit," and, therefore, his petition for removal was not subject to chapter fourteen. We have previously addressed this question in a similar context.[26]

---

[26] *See Garrett v. Williams*, 250 S.W.3d 154, 158 (Tex. App.—Fort Worth 2008, no pet.) (addressing and rejecting Garrett's claim that his petition for writ

13

Chapter fourteen of the civil practice and remedies code applies to a suit brought by an inmate who has filed an affidavit or declaration of inability to pay costs.[27] A "suit" is "'any proceeding by a party or parties against another in a court of law.'"[28] And contrary to Garrett's contention that his action was criminal in nature, he filed a petition for Macha's removal under section 87.015 of the local government code, which is a civil proceeding, not a criminal one.[29] We reject Garrett's argument that his petition was not a "suit" and was not subject to chapter fourteen.[30]

Garrett next argues that the trial court abused its discretion by allowing Macha to argue his motion to dismiss with prejudice after denying Garrett's own motion to dismiss his claims without prejudice. A plaintiff has an absolute

---

of mandamus was not a "suit" for purposes of chapter fourteen).

[27]Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (Vernon 2002).

[28]*Garrett*, 250 S.W.3d at 158 (quoting Black's Law Dictionary 1475 (8th ed. 2004)).

[29]*See* Tex. Loc. Gov't Code Ann. § 87.015 (Vernon 2008); *In re Bazan*, 251 S.W.3d 39, 42 (Tex. 2008) (noting that proceedings for removal under subchapter B of chapter eighty-seven, which includes section 87.015, are civil proceedings); *State ex rel. Dishman v. Gary*, 163 Tex. 565, 359 S.W.2d 456, 458 (1962) (noting that in an ouster suit (under former statute), "[e]xcept where otherwise provided by statute, the rules of practice governing other civil cases control").

[30]*See also Garrett*, 250 S.W.3d at 158.

right to take a nonsuit so long as the defendant has not made a claim for affirmative relief.[31]  But even after a nonsuit, a trial court retains jurisdiction to enter a final judgment, and a trial court may consider collateral motions while it retains plenary power, even if they are filed after a nonsuit.[32]  The Supreme Court of Texas has held, for example, that a trial court may rule on a rule 13 motion for sanctions after a nonsuit is filed and that to hold otherwise would frustrate the policy behind civil procedure rule 13 by allowing a party to escape sanctions by nonsuiting the aggrieved party.[33]  Garrett makes no argument to support his complaint that the trial court erred by dismissing his claims with prejudice, and he makes no argument as to why the court could not rule on Macha's pending motions despite the nonsuit.  Nor does Garrett cite any authority in support of such arguments.  Accordingly, we hold that these arguments are inadequately briefed.[34]

---

[31]Tex. R. Civ. P. 162; *BHP Petroleum Co. Inc. v. Millard*, 800 S.W.2d 838, 840–41 (Tex. 1990).

[32]*Travelers Ins. Co. v. Joachim*, No. 08-0941, 2010 WL 1933022, at *2 (Tex. May 14, 2010); *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996).

[33]*Scott & White*, 940 S.W.2d at 596–97; *cf. Villafani v. Trejo*, 251 S.W.3d 466, 470 (Tex. 2008) (stating that a nonsuit would obviate the need for the discovery sanction of excluding a witness because the purpose of that sanction was to protect the integrity of the proceeding, not to punish a party).

[34]*See* Tex. R. App. P. 38.1(i).

Garrett also contends that his petition had merit, but he makes no argument and cites no authority in support of this contention. Thus, we also overrule this argument as inadequately briefed.[35] We overrule Garrett's third issue.

## III. Conclusion

Having overruled Garrett's three issues, we affirm the trial court's judgment.

PER CURIAM

PANEL: DAUPHINOT, J.; LIVINGSTON, C.J.; and GARDNER, J.

DELIVERED: August 31, 2010

---

[35] *See id.*