

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00216-CV

IN RE KIMBERLY ANN SMITH

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 82337C, Honorable Ana Estevez, Presiding

March 1, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Kimberly Ann Smith, appearing pro se, initiated a proceeding in the trial court under Texas Rule of Civil Procedure 202 seeking pre-suit discovery from Appellees Andrew and Lauren Dixon and others purporting to challenge courts' decisions in litigation that had already become final. The Dixons filed a motion requesting a statewide prefiling order on a finding that Smith is a vexatious litigant and sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code and Rule 13 of the Texas Rules of Civil Procedure. Smith subsequently nonsuited her Rule 202 petition, but an order granting nonsuit was not filed. Following a non-evidentiary hearing, the trial court found Smith to

be a vexatious litigant, imposed a statewide prefiling order, and conditionally imposed a monetary sanction based on attorney's fees incurred by the Dixons.[1]  This appeal followed.  We affirm.

## Background

Smith and the Dixons are former next-door neighbors in Amarillo, Texas.[2]  Over the years, Smith voiced various complaints about the Dixons.  She claimed a 2018 addition to the Dixons' home unlawfully exceeded the lot setback requirement specified by a restrictive covenant.  Smith also complained of an unpleasant odor emanating from the Dixons' laundry room; the Dixons' barking dogs; noise caused by the Dixons' outdoor air conditioning condenser; and excessive rainwater runoff from the roof of the Dixons' addition.

In December 2018 Smith, appearing pro se, sued the Dixons, claiming violation of deed setback restriction.  Smith later obtained counsel who filed first and second amended original petitions on Smith's behalf.  In her second amended petition, Smith added claims of negligence with resulting personal injury damages and diminished property value and nuisance.  She also sought temporary and permanent injunctive relief based on the Dixons' tortious conduct and violation of the setback restrictive covenant. When Smith's counsel withdrew, she again proceeded pro se.

---

[1] "Rule 13 authorizes the imposition of the sanctions listed in Rule 215.2(b), which only provides for a monetary penalty based on expenses, court costs, or attorney's fees." *Low v. Henry,* 221 S.W.3d 609, 614 (Tex. 2007).  A sanction under Chapter 10 may also include an award of "reasonable attorney's fees." TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(c)(3).

[2] At times in her filings Smith referred to herself as "Smith3205" and the Dixons as "3207."

In June 2020, the Dixons obtained summary judgment on all of Smith's claims. The trial court's judgment was affirmed by this Court[3] and discretionary review was denied by the Supreme Court of Texas.[4] Unsatisfied, Smith then filed a petition for writ of mandamus in this Court "complain[ing] of this Court's affirmance of the trial court's judgment in *Smith v. Dixon . . . .*"[5] That petition was denied. Then, about five days later, Smith filed the proceeding that led to this appeal.[6]

**Analysis**

**First Issue: Prefiling Order and Vexatious Litigant Determination**

Smith's appellate brief is lengthy and difficult to follow. We nevertheless interpret her first issue to argue that the trial court erred by declaring her a vexatious litigant.[7] *See* TEX. R. APP. P. 38.9 (briefing rules to be construed liberally). We review a trial court's determination that a plaintiff is a vexatious litigant for an abuse of discretion. *Johnson v. Tepper,* No. 07-23-00146-CV, 2023 Tex. App. LEXIS 5858, at *3–4 (Tex. App.—Amarillo Aug. 7, 2023, pet. denied) (mem. op). If the theory for the allegedly abused discretion issue is a lack of evidence, we review the trial court's findings under familiar legal and

---

[3] *Smith v. Dixon,* No. 07-20-00197-CV, 2021 Tex. App. LEXIS 5592 (Tex. App.—Amarillo July 14, 2021, pet. denied) (mem. op.).

[4] *Smith v. Dixon,* No. 21-0892, 2022 Tex. LEXIS 628 (Tex. 2022).

[5] *In re Smith,* No. 07-22-00282-CV, 2022 Tex. App. LEXIS 8486, at *1 (Tex. App.—Amarillo Nov. 17, 2022, orig. proceeding) (mem. op.).

[6] Smith names a variety of parties in her Rule 202 petition including the Dixons, the person the Dixons sold their 3207 S. Austin Street property to, numerous real estate brokers, real estate agents, a title company and its employees, and two attorneys who represented parties in Smith's original lawsuit.

[7] In her appellate brief, Smith states she seeks "an order mandating trial court to issue a retraction of vexatious declaration and a retraction for sanctions and to file same with the Office of Court Administration; in the alternative [Smith] requests a judgment notwithstanding the verdict."

3

factual sufficiency standards.[8]   The Civil Practice and Remedies Code defines the authority for a court to make a vexatious litigant finding:

> A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that: after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:
>
> > (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or
> >
> > (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined . . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(2).  Chapter 11 defines "litigation" as "a civil action commenced, maintained, or pending in any state or federal court."[9]  TEX. CIV. PRAC. & REM. CODE ANN. § 11.001(2).

Regarding the likelihood of Smith prevailing in obtaining the sought-after discovery, we conclude the record supports the trial court's decision.  *See Rosetta Res. Operating, LP v. Martin,* 645 S.W.3d 212, 225 (Tex. 2022) (citing *Barr v. Resol. Tr. Corp. ex rel. Sunbelt Fed. Sav.,* 837 S.W.2d 627, 628 (Tex. 1992)).  Per section 11.054(2), the vexatious litigant finding is available when either the plaintiff has repeatedly attempted to relitigate the validity of previous determinations or pursues the same issues of fact or law

---

[8] "In reviewing a legal sufficiency challenge, the no-evidence challenge fails if there is more than a scintilla of evidence to support the finding."  When reviewing the evidence for factual sufficiency, "we set aside the trial court's decision only if its ruling is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust."  *Johnson,* 2023 Tex. App. LEXIS 5858, at *4 n.3 (cleaned up).

[9] Smith does not challenge the trial court's implicit conclusion that a proceeding under Rule 202 constitutes "litigation" for purposes of the Chapter 11 vexatious litigant determination.  We express no opinion on this question because the question is not necessary to the application of our appellate jurisdiction and has not been presented in any issue on appeal.

4

determined against her. *Forist v. Vanguard Underwriters Ins. Co.,* 141 S.W.3d 668, 670 (Tex. App.—San Antonio 2004, no pet.) ("Section 11.054 allows a trial court to find a litigant vexatious if she *either* 'repeatedly relitigates' or 'attempts to relitigate' a matter that has been finally determined against her.") (emphasis in original).

The same judge presided over both Smith's previous litigation efforts and the Rule 202 petition.[10] Smith's pleading makes clear her intention to continue litigating the subject matter of her original lawsuit. For example, she alleges:

- "Smith3205 remains in our court systems [sic] enduring: (*) damage to" a laundry list of the ways in which her property has been adversely affected;

- She is seeking for a court to "'set aside the judgment' and let me have a [new] trial or in this case, 'a hearing' . . . I remain, 'Pending.'";

- The prior grant of summary judgment means her "axiomdatic [sic] right in trial court . . . remains yet to be heard as a matter of law, yet 'considered' fully and judicially considered on the merits . . . [and that her claims] remain though yet to be adequately heard and are currently seeking mandamus from a higher court.";

- "This current status of the summary decision is not constitutional. If [Petitioner] has to go to the United States Supreme Court to have the alleged 'full judgment' vacated, she will. She absolutely will. She must"; and

- "The original action being *interfered* with is yet to be adequately heard 'remains'. Now, this subsequent suit must begin in tandem."

In her appellate brief, Smith repeats many of these same themes, by complaining about the propriety of the summary judgment process and the evidence supporting the trial court's order in the previous case. We conclude that sufficient evidence exists in the

---

[10] We presume that the trial court judicially noticed Smith's pleaded claims and allegations in the original suit as well as those in the current Rule 202 proceeding. *See Ex parte V.A.,* No. 02-16-00370-CV, 2017 Tex. App. LEXIS 4363, at *6–9 (Tex. App.—Fort Worth May 11, 2017, no pet.) (mem. op.) (presuming that court took judicial notice of its own records because it presided over both matters relating to the conviction and relied on those records for reaching its expunction decision).

record that Appellant attempted to relitigate the validity of the determination against her; or "the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against" her. Tᴇx. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ Aɴɴ. § 11.054(2)(A)(B). Because no abuse of discretion has been shown, we overrule Smith's first issue.

**Second Issue: Propriety of Sanctions Award**

We interpret Smith's second issue to be the trial court erred by imposing sanctions against her.[11] As noted, the Dixons sought sanctions under Civil Practice and Remedies Code Chapter 10 and Texas Rule of Civil Procedure Rule 13; the facts that support the trial court's grant of sanctions are discussed above. The trial court's order conditions the sanctions on events that have not yet occurred. Because no sanctions have been imposed at this time, it is unnecessary to speculate on whether such would be proper. *See In re Kuster*, 363 S.W.3d 287, 290–91 (Tex. App.—Amarillo 2012, orig. proceeding) ("[T]o the extent that [relator's] petition seeks mandamus relief based upon events that have not yet occurred and remain merely hypothetical, we conclude that we are without jurisdiction to render advisory opinions on factual situations that may or may not arise in the future . . . . We decline to direct the trial court to declare void an order the effectiveness or viability of which we do not know."). *See also In re Kristensen,* No. 14-14-00448-CV, 2014 Tex. App. LEXIS 8404, at *18–22 (Tex. App.—Houston [14th Dist.] July 31, 2014, orig. proceeding) (per curiam) (mem. op.) (declining to address order threatening to possibly impose sanctions in the future because such analysis would depend on facts

---

[11] We review an order granting sanctions for abuse of discretion. *Brewer v. Lennox Hearth Prods., LLC,* 601 S.W.3d 704, 717 (Tex. 2020).

6

that were not currently available)*, disapproved on other grounds, In re Turney*, 525 S.W.3d 832, 838 n.1 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). *See* Tᴇx. R. Aᴘᴘ. P. 47.1. Smith's second issue is overruled.

## Conclusion

Having overruled Smith's two appellate issues, we affirm the trial court's order.


Lawrence M. Doss
Justice